[No. 987. February 26, 1903.]

MARGARITO ROMERO, Administrator of the Estate of JUAN LEYBA, Appellant, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellee.

### SYLLABUS.

1. Where a statute gives the cause of action and designates the persons who may sue, they alone are authorized to bring suit.

2. For causes of action arising under section 3213, Comp. Laws of 1897, legal representatives are not authorized to bring or maintain suit. Sections 3213, 3214 and 3215 construed.

Appeal from the district court of San Miguel county, before WILLIAM J. MILLS, Chief Justice. Affirmed.

EUSEBIO CHACON for appellant.

In states having statutes similar to that of New Mexico, the administrator is not a mere nominal party, but is directly and substantially interested on behalf of the estate.

> Major v. Burlington, C. R. & N. Ry. Co., 88 N. W. 815; Perham v. Portland General Electric Co., 53 Pac. 14; Mathews v. Warners' Adm'r, 29 Gratt. 570; Baltimore & O. R. Co. v. Noell's Adm'r, 32 Gratt. 394; Harper v. Norfolk & W. R. Co., 36 Fed. 102.

And this action may be brought by the administrator, notwithstanding the pendency of another action under sec. 3213, above mentioned for the recovery of the forfeiture by the widow or minor children.

> Tiffany, Death by W. A., sec. 126; Davis v. St. L. I. M. & S. Ry. Co., 53 Ark. 117, (13 S. W. 801) ; Vicksburg and M. R. Co. v. Phillips,

64 Miss. 693, 2 So. 537; Needham v. Grand Trunk R. Co., 38 Vt. 294; Earl v. Tupper, 45 Vt. 275; Bower v. City of Boston, 29 N. E. 633; Hurst v. Detroit City Ry. Co., 84 Mich. 539, 48 N. W. 44; Leggot v. Great Northern Ry. Co., 1 Q. B. D. 599.

And under sections 3214 and 3215, Comp. Laws of N. M. 1897, nobody, except the administrator of the deceased, can bring an action for the recovery of the damages mentioned in said section.

Major v. Burlington C. R. & N. Ry Co., 88 N. W. 815; Drew v. Milwaukee & St. Paul R. Co., Fed. Cases 4079; Weidner v. Rankin, 26 O. St. 522; Columbus & W. R. Co. v. Bradford, 86 Ala. 574, 6 So. 90; Safford v. Drew, 10 N. Y. Super. Ct. (3 Duer.) 627; Toledo, Salt Lake & K. C. R. Co. v. Vinning's Adm'r, 18 Ind. App. 667, 35 N. E. 199; Boutillier v. The v. Milwaukee, 8 Minn. 97.

Notwithstanding the dicta of some courts to the contrary, these laws similar to the Virginia statute are purely remedial, and, as such, are entitled to the most liberal construction.

Haggerty v. Central R. Co., 31 N. J. L. 349; Markle v. Bennington Tp., 58 Mich. 156, 31 N. W. 856; Wabash St. L. & P. Ry. Co. v. Shacklett, 10 Ill. App. 404; Bolinger v. St. P. & D. R. Co., 36 Minn. 418, 31 N. W. 856; Hayes v. Williams (Colo. Sup.), 30 Pac. 352; Beach v. Bay State Co., 27 Barb. 248, 16 How. Pr. 1; Soule v. New York etc., R. Co., 24 Conn. 575; Lamphere v. Buckingham, 33 Conn. 237.

Where it is shown that the administrator has a right to sue, not as a mere trustee, but as a personal representative of the deceased, for the benefit of his estate, the complaint need not set out that there are any beneficiaries.

Baltimore and Ohio R. Co. v. Wightman,

26 Gratt. 431; Howard Adm'r v. Delaware & Hudson Canal Co., 40 Fed. 195; Harper v. Norfolk & W. R. Co., 36 Fed. 102; Lexington & C. Minn. Co. v. Huffman's Adm'r, 32 S. W. 611; McMahon v. City of New York, 33 N. Y. 642.

The question of the existence of beneficiaries does not arise until distribution of the estate.

> Howard Adm'r v. Delaware & Hudson Canal Co., supra.

H. L. WALDO and R. E. TWITCHELL for appellee.

At common law no action would lie for an injury caused by the death of a human being.

The right to maintain such action when it exists is purely a matter of statutory creation: Therefore, all statutes giving such right, being in derogation of common law, should be strictly construed. The right to sue is confined to the persons mentioned in the statute.

> Sutherland on Statutory Construction, pp. 472, 507.

Inasmuch as sec. 3216 of our statute creates the cause of action and designates the persons who may sue, they alone can sue and must do so within the time prescribed by the statute.

> Oates v. Union Pac. Rd. Co., 104 Mo. 514, 16 S. W. 487; 3 Wood's Railway Law, sec. 413; Barker v. Railway Co., 91 Mo. 81, 14 S. W. 280.

The construction of the highest court of the State of Missouri upon a statute of that State from which our own is taken should be followed by this court.

> Proctor v. Railroad Co., 64 Mo. 112.

In Colorado there was a statute exactly similar to the act of 1882, which also was taken from the Missouri statute.

A. T. & S. F. Ry. Co. v. Farrow, 6 Col. 498.

Section 3215 under which this suit should have been brought, if at all, does not give a right of action to the next of kin of employees killed through the negligence of fellow-servants, or in the use of defective machinery, known to the master to be defective.

Actions of that kind must be brought under the act of 1893.

Proctor v. H. & St. J. Rd. Co., supra.

## STATEMENT OF THE CASE.

The appellant, as administrator of the estate of Juan Leyba, deceased, brought suit in the district court for San Miguel county, New Mexico, to recover damages, in the sum of five thousand dollars, for the death of Leyba, who was accidentally killed in the yards of the appellee at Las Vegas, New Mexico, June 21, 1902, having been run over by a freight car. The deceased was not in the employ of the appellee. He was engaged in transferring some machinery from a car standing in the yards of appellee into a wagon. While so engaged and while standing on the car, some other cars were pushed against the car on which deceased was standing, throwing him off and he was run over and killed by the car pushed against the loaded car. The deceased died from an injury sustained and occasioned through the alleged negligent running and operation of a locomotive and train of cars by the agents, servants and employees of the appellee.

The appellee interposed a demurrer to the complaint, and as ground of demurrer, alleged that an administrator had no legal capacity to sue, under the facts as stated in the complaint. The demurrer was sustained, and appellant standing upon his demurrer, judgment was rendered for the appellee.

OPINION OF THE COURT.

McFIE, J.—The sole question presented by this record is, whether under the facts disclosed by the complaint, a right of action existed in the name of the administrator of the estate of the deceased.

It will be admitted, that at common law, no action would lie for an injury caused by the death of a human being. If a right of action now exists, therefore, it must be by virtue of legislative enactment. The subject of death by wrongful act has been brought to the attention of the legislative department of this Territory on, at least, three different occasions, and statutes have been enacted, which in determining this case, it becomes our duty to examine; as a right of action, if any exists, must be found in these enactments. This subject was first considered by the Legislature at its session in 1882, and a law was enacted as follows:

"Section 1. Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness, or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive car, or train of cars, or of any driver of any stage coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from any injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach or other public conveyance, at the time any injury is received, resulting from or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of five

thousand dollars, which may be sued and recovered; first, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section, was not a negligent defect or insufficiency.

"Section 2. Whenever the death of the person shall be caused by a wrongful act, neglect, or default of another, and the act or neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

"Section 3. All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section one of this act, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled to sue, and also having regard for the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

It is contended by appellee that section 1 of the Laws of 1882, now section 3213 of the Compiled Laws of 1897, governs this case, if under the circumstances of the killing, as alleged in the complaint, a right of

action exists at all; and this contention is well founded, and must be sustained.   In our opinion, there was an evident intention on the part of the Legislature of 1882 to make a distinction between the common carrier, and other corporations and persons causing death by wrongful act in regard to liability   It will be observed, that section 1 of the Laws of 1882 is distinctly limited to deaths caused by the wrongful act of common carriers and their agents, servants and employees while engaged in running and handling locomotives, trains, stage coaches or other public conveyances, whereas sections 2 and 3, of the same act are general in terms and evidently intended to refer to deaths caused by wrongful act of persons and corporations other than common carriers, as embraced in section 1.   As a further evidence of this distinction, it is provided, that in case of death by wrongful act of the common carrier the party liable, "shall forfeit and pay to the person or passenger so dying, five thousand dollars," but under sections 2 and 3 of the original act, any sum *not exceeding* five thousand dollars was recoverable.   Under the first section the amount of the recovery was arbitrarily fixed by statute, but under the other sections, the damages were to be fixed by a jury which was authorized to take into consideration the "mitigating or aggravating circumstances."   It would seem strange indeed that the Legislature should in one section of an act, provide that a person or passenger killed by the wrongful act of the common carrier, should recover the full sum of five thousand dollars, and in the second and third sections of the same act, provide for damages in any sum such as a jury might assess, not exceeding five thousand dollars, if both sections were intended to apply to the same class of corporations or persons.   Remembering, however, the distinction between common carriers and other persons and corporations above referred to, the intention of the Legislature is both evident and consistent.   Under section 1 of the laws of 1882, the persons authorized to bring suit

in such case, are specifically designated as follows: "First, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor."

Under that section of the act of 1882, therefore, these were the only persons in whose name suits could be instituted, there being no provision whatever for the institution of suit by the personal representatives of the deceased. This was true also as to sections 2 and 3 of the original act, which provided that: "All damages accruing under the last preceding section, shall be sued for and recovered by the same parties and in the same manner as is provided by section 1 of this act." This statute being in derogation of the common law must be strictly construed, if its terms are of doubtful meaning; but under the plain provisions of this statute, there is no provision made for an administrator or other personal representative, to bring suit for recovery of damages under either section of the law of 1882. In 1891, the Legislature amended sections 2309 and 2310 of the Compiled Laws of 1884, these sections being sections 2 and 3 of the Laws of 1882. By the amendment, the clause of section 3 of the original act, that suits for damages should be brought by the persons authorized by section 1, was stricken out, and suits for damages under sections 2314 and 2315 were authorized to be brought in the name of the representatives of the deceased. Section 2315 was further amended by striking out the limitation of damages to five thousand dollars in actions arising under the "next preceding section." The next preceding section would be 2314, but the amendment did not change or even refer to section 2313, which is the first section of the act of 1882. There is

but one interpretation to be placed upon this action of the Legislature having this subject before it for the second time, and that is, that the distinction drawn by the act of 1882, as to the liability of common carriers and others causing death by wrongful act, should be adhered to, and to that end the section of the act of 1882 providing that, as to common carriers the limitations of the first section of the original act as to the amount of damages recoverable and that none other than those persons named by that section could bring suit was left as originally drawn. In the compilation of 1897, section 1 of the act of 1882 became section 3213 and the second and third sections as amended became sections 3214 and 3215 and those were in force at the time of the death of Leyba and are still the law of this Territory. When the intention of the Legislature in enacting a law is manifest, there is no room for construction, and the law should be applied according to its terms. Even when construing statutes of doubtful terms, courts endeavor to ascertain the intention of the legislative body enacting the law, and when that is ascertained, while there are rare exceptions, the rule is to enforce the law so as to carry into effect the purpose sought to be obtained by the legislative body enacting it. In our opinion, the intention of the Legislature in the passage and amendment of the statutes under consideration in this case is apparent from a reading of them, and was, as declared in the former part of this opinion, and, therefore, the terms of the statute should be strictly adhered to. Counsel for appellant contends that this statute is remedial in its nature, and should be liberally construed, but, without concurring in the views of counsel, it is proper to say, that there can be no such liberality indulged as would authorize the court in the name of construction to change the plain terms of an unambiguous statute, so as to provide a remedy which under the statute does not exist.

Many laws of this Territory have been borrowed

from the State of Missouri, and as the statute now under
consideration is identical with that of Missouri upon
this subject, it will be conceded that this is one of the
statutes which we borrowed from Missouri, and if so,
the rule is to adopt the construction of the act of the
Supreme Court of the State from which it was borrowed.
In the case of Baker v. The Hannibal & St. Joseph Ry.
Co., 91 Mo. 86, the Supreme Court of that State having
under consideration the statute above referred to, said:
"It may be observed that damages for a tort to the per-
son, resulting in death, were not recoverable at common
law, nor could husband or wife, parent or child, recover
any pecuniary compensation therefor against the wrong-
doer. Our statute, on this subject, both gives the right
of action, and provides the remedy, for the death, where
none existed at common law, and where an action is
brought, under the statute, it can only be maintained
subject to the limitation and condition imposed thereby.
In conferring the right of action, and in providing such
remedy, in designating when, and by whom, suits may
be brought, it was, as a matter of course, competent for
the Legislature to provide and impose such conditions
as it might deem proper, and the conditions thus im-
posed modify and qualify the right of recovery, or form,
rather, we think, a part of the right itself, and upon
which its exercise depends."

In Oates v. The Union Pacific Railway Co., 104 Mo.
514, the court held that, where a statute gives cause of
action, and designates the persons who may sue, they
alone can sue and must do so within the time prescribed
by statute. The statute of the State of Colorado is prac-
tically identical with our own, and in construing that
statute the Supreme Court of Colorado said: "The
Legislature discriminates between common carriers and
other corporations and individuals. They confine sec-
tion 1 to the former, while section 2 includes the latter.
They desired to impose a different liability upon com-
mon carriers from that resting upon all other persons,

and chose this way of doing it." A. T. & S. F. Ry. Co. v. Tarrow, 6 Colo. 498.

In this case the complaint charges that Leyba was killed by the negligence of the employees of the defendant company, a common carrier, and this is not denied. If, therefore, a right of recovery existed at the time of the occurrence, it was clearly under section 3213, Compiled Laws of 1897, the only section relating to such cases.

Counsel for appellant in his ingenious brief, and also in his oral argument, insisted that in such case a suit might be maintained under section 3213 by one of the persons authorized by that section and a second suit be maintained at the same time for the same cause of action, by the representatives of the deceased under sections 3214 and 3215, but it appears to us that the mind of the learned counsel is more prolific of remedies than the statute, but however that may be, the contention is repugnant to what we conceive to be the plain meaning of the statute, as it is incomprehensible, that the Legislature should intend to provide a double remedy in damages for one and the same injury and between practically the same parties. If, then, the remedy in this case existed under the terms of section 3213, the suit could not be brought by the administrator or other representative of the deceased, but must be brought by one of those persons specifically authorized to sue. There was an absolute want of authority in the plaintiff to sue in a representative capacity, as that section excludes representatives by omitting them and specifically designating others. This objection to the complaint, was raised by the demurrer, and, as it was not alleged that the plaintiff was one of the persons authorized by that section to sue a common carrier, the complaint was clearly obnoxious to the demurrer and the court properly sustained the same.

The plaintiff electing to stand by his complaint, the court rendered judgment for the defendant, dismissing

the cause at plaintiff's costs.   There was no error in this action of the court, and the judgment of the court below will be affirmed with costs, and it is so ordered.

Parker and Baker, JJ., concur.

Mills, C. J., having tried the case below took no part in this opinion.