JULIA KRAUSS, ADMINISTRATRIX OF THE ESTATE OF JAMES H. O'CONNOR, DECEASED, PETITIONER-RESPONDENT, v. GEORGE H. FRITZ & SON, INCORPORATED, RESPONDENTS-APPELLANTS.

Submitted November 28, 1914—Decided March 1, 1915.

On appeal from the Supreme Court.

This is an appeal from a judgment of the Supreme Court affirming a judgment of the Essex Common Pleas in a case under the Workmen's Compensation act. The Common Pleas found that the petitioner was an actual dependent upon the deceased and allowed her $5 a week for a period of three hundred weeks. The Supreme Court upheld this finding in a *per curiam* which reads as follows:

"This proceeding was instituted by Julia Krauss, who, by reason of being mother and administrator of her deceased son, claims compensation for his death pursuant to our Workmen's Compensation act.

"The only question argued before us is this: Was the mother an actual dependent of her deceased son within the meaning of the act?

"The judge of the Essex Pleas before whom the matter was tried found as a fact that she was, and by familiar principles that finding will not be here disturbed if there was any evidence to support it.

"We think there was.

"Mrs. Krauss testified that she was twice married. The decedent (eighteen years of age) was a son by the first marriage, and by her second marriage she had seven children, and these with her second husband, and the decedent, constituted the family at the time of the accident which resulted in her son's death. She further testified in effect that the family was supported by the husband, who earned $11 a week, and by decedent who earned $6 a week, and who con-

tributed $5 thereof weekly to the family fund; that the other children were too young to earn money; that the family had no other property or income; that she paid $10 a month rent for the house, and that the entire remainder of the family fund, including the contribution of the decedent, she used from week to week or from month to month in supporting and maintaining herself and family. Such we think were the inferences which it was open to the trial judge to draw from the testimony, and this justifies the conclusion that the decedent's mother was an actual dependent upon him.

"The judgment is presumed to rest upon those inferences and hence ought not to be disturbed.

"The judgment will be affirmed, with costs."

For the petitioner-respondent, *John E. Helm* and *Mathew J. Ready* (*Thomas S. Henry* on the brief).

For the respondent-appellant, *McCarter & English* (*Arthur F. Egner* on the brief).

PER CURIAM.

The judgment of the court below will be affirmed for the reasons stated in its *per curiam*.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.