DELIA E. BENOIT, AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM F. BENOIT, DECEASED, *Plaintiff in Error*, v. MIAMI BEACH ELECTRIC COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed April 10, 1923.

1. The statute granting the right of action for death by wrongful act or negligence confers the right *exclusively* (1st) upon the widow or husband, as the case may be; and, if there be neither of these, then (2nd) upon the *minor* child or children; and, if there is neither widow or husband or *minor* child, then (3rd) upon such person or persons *who are dependent for a support* upon the person killed; and, if there is no one belonging to either of the above three classes, then (lastly) upon the executor or administrator of the person killed. The existence of the *right of action* in any of these classes of persons in the numerical order named, commencing with the second class, is wholly dependent upon the fact whether there is any person *in esse* belonging to any of the classes who are given by the statute the *precedent right* over him to maintain the action. The *existence* or *non-existence* of any one having the *precedent right of action* under the statute, enters into the *very substance of the right of action itself* when instituted by any of the named classes of persons after the first; and, when the suit is brought by any of these different classes, except the widow or husband, the declaration, in order to show a cause of action should affrmatively show the non-existence of any other person having a *precedent* right of action over the plaintiff under the statute.

2. Where the suit is brought, in such cases, by a person who bases his right to recover upon the fact that there is a *dependent upon the deceased for support*, then he must show, regardless of any ties of relationship, or strict *legal right* to such support, that he or she was, either from the disability of age, or non-age, physical or mental incapacity, coupled with the lack of property means, *dependent in fact* upon the deceased for support. When *adults* claim such dependence, there must be, because of some of the disabilities above mentioned, an actual inability to support themselves, and an *actual dependence* upon some one for support, coupled with a *reasonable expectation* of support, or with some reasonable claim to support from the deceased.

3. Under the statute authorizing successive classes of plaintiffs to maintain, in the order named, an action for damages for the wrongful death of a person, an administratrix of the decedent as such cannot maintain the action when it appears that she as such dependent had a prior right under the statute to maintain the action as a plaintiff who was "dependent on the person killed for support." In this case the decedent left no widow nor minor child.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Affirmed.

*Hudson & Cason,* for Plaintiff in Error;

*Willard & Knight.* and *Frank Smathers,* for Defendant in Error.

WHITFIELD, J.—In an action to recover damages for the wrongful death of an unmarried adult, brought under Sections 4960-4961 Revised General Statutes, 1920, by the mother as administratrix of the estate of the deceased,

it appeared from the plaintiff's evidence that the son was unmarried and had regularly and materially contributed to the support of the mother and that she was at least partially dependent on her son for support though her husband was living. On this showing the court directed a verdict for the defendant, and the plaintiff duly took writ of error.

The statutes are as follows:

"4960. Whenever the death of any person in this State shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness, or default, of any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having control of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not ensued, shall be liable to an action for damages (or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel in personam), notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

"4961.  Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow or husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed.  In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in an action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed; Provided, That any person or persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed."

Our statute granting the right of action for death by wrongful act or negligence confers the right, *exclusively,* (1st) upon the widow or husband, as the case may be; and, if there be neither of these, then (2nd) upon the

minor child or children; and, if there is neither widow or husband or *minor* child, then (3rd) upon such person or persons *who are dependent for a support* upon the person killed; and, if there is no one belonging to either of the above three classes, then (lastly) upon the executor or administrator of the person killed. The existence of the *right of action* in any of these classes of persons, in the numerical order named, commencing with the second class, is wholly dependent upon the fact whether there is any person *in esse* belonging to any of the classes who are given by the statute the *precedent right* over him to maintain the action. The *existence* or *non-existence* of any one having the *precedent right of action* under the statute, enters into the very *substance of the right of action itself* when instituted by any of the named classes of persons after the first; and, when the suit is brought by any of these different classes, except the widow or husband, the declaration, in order to show a *cause of action* should affirmatively show the non-existence of any other person having a *precedent* right of action over the plaintiff under the statute. See L. & N. R. Co. v. Jones, 45 Fla. 407.

"Where the suit is brought, in such cases, by a person who bases his right to recover upon the fact that there is a *dependent upon the deceased for support,* then he must show, regardless of any ties of relationship, or strict *legal right* to such support, that he or she was, either from the disability of age, or non-age, physical or mental incapacity, coupled with the lack of property means, *dependent in fact* upon the deceased for a support. When *adults* claim such dependence, there must be, because of some of the *disabilities* above mentioned, an *actual inability* to support themselves, and an *actual dependence* upon some one for support, coupled with a *reasonable expectation* of support, or

with some reasonable claim to support from the deceased. Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876.

The plaintiff testified that the decedent, her adult son "did contribute toward my support. During the past two years he sent me ten dollars each week, and during the period of two years next prior thereto, he sent me about ten dollare a month;" and that "during the last two weeks prior to April 18th, 1922, my husband, Felix Benoit, has been employed and contributed toward my support. Prior to that time and for a period of about two years my said husband was ill and most of the time unable to work. He did work infrequently at intervals during such period of two years, but was unable to work continuously on account of his condition of health, and was therefore unable to regularly contribute toward my support."

The plaintiff's husband, the father of the decedent, testified: "William F. Benoit my son, died without leaving any person dependent upon him for support, except that he did contribute about $520 a year to the maintenance of his mother;" and "for about two years past William F. Benoit sent his mother, Delia E. Benoit, $10 each week, and for about two years prior to this period, he had sent her about $10 a month. For about two years before William F. Benoit died I did not work steadily, and the money that he sent to his mother was used for our common support."

On this testimony by the mother and father of the decedent the holding of the trial court was proper, that the plaintiff as administratrix could not maintain the action under the statute, since she was dependent in substantial part at least on the decedent for support which put her in a preceding class under the statute, and as one of that class could maintain the action, the mother as administra-

trix had no right of action under the statute. See Duval v. Hunt, *supra;* Inman v. Fuller, 10 Ga. App. 680, 74 S. E. Rep. 287; Ann. Cas. 1912B 733 Notes.

There is no contention that the judgment should have been a dismissal instead of for the defendant, and this question will not be discussed.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.