## MALLORY v. PIONEER SOUTHWESTERN STAGES, Inc., et al.

### MORRIS v. SAME.

#### Nos. 503, 504.

Circuit Court of Appeals, Tenth Circuit.

Dec. 11, 1931.

Pearce C. Rodey, of Albuquerque, N. M. (Jos. L. Dailey, of Albuquerque, N. M., F. P. Sizer, H. A. Gardner, and D. A. Lockmiller, all of Monett, Mo., on the brief), for appellants.

E. R. Wright, of Santa Fé, N. M. (Donovan N. Hoover, of Santa Fé, N. M., on the brief), for appellees.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

These are actions to recover damages for alleged wrongful deaths. They involve the same question, and were argued and submitted together. The trial court sustained demurrers to the amended complaints. Appellants elected not to plead further, and judgments of dismissal were entered.

The material facts, as set forth in such amended complaints, are as follows: On April 11, 1930, appellees, Arizona corporations, were operating a motor bus line through New Mexico for the transportation of passengers and express for hire as common carriers, under a certificate of public convenience and necessity issued by the State Corporation Commission of New Mexico. On such date, a motor bus of appellees, in which appellants' intestates were riding as passengers for hire, was struck by a train being operated by the Atchison T. & S. F. Railway Company at what is known as the Isleta crossing in Bernalillo County, and appellants' intestates were instantly killed. Such intestates at the time of their deaths were unmarried, male adults, and neither left a surviving wife, minor child, or children. The deaths of such intestates were caused by the negligent operation of such motor bus by the driver in charge thereof, a servant and employee of appellees.

The New Mexico statute on death by wrongful act was enacted in 1882. It was a part of a general act on damages. (See chapter 61, N. Mex. Laws 1882.) Sections 1, 2 and 3 of such act read as follows:

"Section 1. Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver, of any stage coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from any injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engi-

neer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach, or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars, which may be sued and recovered; first, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section, was not of a negligent defect or insufficiency.

"§ 2. Whenever the death of the person shall be caused by a wrongful act, neglect or default of another, and the act or neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

"§ 3. All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 1 of this act, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

It will be observed that section 1 is a special statute with respect to the wrongful death of any person resulting from the "negligence, unskillfulness or criminal intent of any officer, agent, servant or employee" while "running, conducting or managing any locomotive, car, or train of cars, or of any driver, of any stage coach or other public conveyance, while in charge of the same as driver"; or of any passenger resulting from any "defect or insufficiency" in any railroad loco-

motive, car, stage coach or other public conveyance, where the decedent leaves surviving kin coming within the relationships named in the statute; and that it fixes the amount of recovery at $5,000.

It will be further noted that section 2 was a general act covering all other cases of wrongful death, where the decedent leaves surviving kin coming within the relationships named in the statute, and fixes the damages at not to exceed $5,000.

■ Where there are two statutes upon the same subject and the earlier is special and the later general, the presumption is, in the absence of express repeal or absolute incompatibility, that the special is intended to remain in force as an exception to the general. Washington v. Miller, 235 U. S. 422, 428, 35 S. Ct. 119, 59 L. Ed. 295; Rodgers v. United States, 185 U. S. 83, 87, 89, 22 S. Ct. 582, 46 L. Ed. 816; Stoneberg v. Morgan (C. C. A. 8) 246 F. 98, 100.

A *fortiori* such must be the construction where the special and the general laws are a part of the same act.

■ It is clear that the legislature did not intend to create two rights and provide two remedies for the same wrongful death. The statute, as originally adopted, limited the right created by section 1 and the right created in section 2 to the same surviving kin. It follows that wrongful deaths falling within the provisions of section 1 were excluded from the general language of section 2.

■ Section 2, therefore, did not cover persons killed as a result of the improper operation of a locomotive, car, stage coach or other public conveyance, or passengers killed as a result of defects in any railroad locomotive, car, stage coach or other public conveyance.

Such was the holding of the Supreme Court of the Territory of New Mexico in Romero v. Atchison, T. & S. F. R. Co., 11 N. M. 679, 72 P. 37, 38, where the court said:

"There was an evident intention on the part of the Legislature of 1882 to make a distinction between the common carrier and other corporations and persons causing death by wrongful act, in regard to liability. It will be observed that section 1 of the Laws of 1882 is distinctly limited to deaths caused by the wrongful act of common carriers, and their agents, servants, and employees, while engaged in running and handling locomotives, trains, stage coaches, or other public conveyances, whereas sections 2 and 3 of the same act are general in terms, and evidently intended to refer to deaths caused by the

wrongful act of persons and corporations other than common carriers, as embraced in section 1. As a further evidence of this distinction, it is provided that, in case of death by wrongful act of the common carrier, the party liable 'shall forfeit and pay to the person or passenger so dying, five thousand dollars'; but, under sections 2 and 3 of the original act, any sum not exceeding $5,000 was recoverable. Under the first section the amount of the recovery was arbitrarily fixed by statute, but under the other sections the damages were to be fixed by a jury, which was authorized to take into consideration the 'mitigating or aggravating circumstances.' It would seem strange indeed that the Legislature should in one section of an act provide that a person or passenger killed by the wrongful act of the common carrier should recover the full sum of $5,000, and in the second and third sections of the same act provide for damages in any sum such as a jury might assess, not exceeding $5,000, if both sections were intended to apply to the same class of corporations or persons. Remembering, however, the distinction between common carriers and other persons and corporations above referred to, the intention of the Legislature is both evident and consistent."

It will be noticed also that, under the statute as originally enacted, no right of action was created either by section 1 or sections 2 and 3, when the decedent was an adult, unless such decedent left either a surviving husband or wife, or a minor child or children.

Section 3 was amended in 1891 (see chapter 49, N. Mex. Laws 1891) to read as follows:

"Section 2310. Every such action as mentioned in the next preceding section shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, He or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of the deceased

child, but shall be distributed as follows: First. If there be a surviving husband or wife, and no child, then to such husband or wife; if there be a surviving husband or wife and a child or children or grandchildren, then equally to each, the grandchild or grandchildren, taking by right of representation; if there be no husband or wife, but a child or children, or grandchild or grandchildren, then to such child or children and grandchild or grandchildren by right of representation; if there be no child or grandchild, then to a surviving brother or sister, or brothers or sisters, if there be any; if there be none of the kindred hereinbefore named then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."

In Romero v. Railway Co., supra, the court further said:

"In 1891 the Legislature amended sections 2309 and 2310 of the Compiled Laws of 1884, these sections being sections 2 and 3 of the Laws of 1882. By the amendment, the clause of section 3 of the original act, that suits for damages should be brought by the persons authorized by section 1, was stricken out, and suits for damages under sections 2309 and 2310 were authorized to be brought in the name of the representatives of the deceased. Section 2310 was further amended by striking out the limitation of damages to $5,000 in actions arising under the 'next preceding section.' The next preceding section would be 2309, but the amendment did not change or even refer to section 2308, which is the first section of the act of 1882. There is but one interpretation to be placed upon this action of the Legislature having this subject before it for the second time, and that is that the distinction drawn by the act of 1882 as to the liability of common carriers and others causing death by wrongful act should be adhered to; and to that end the section of the act of 1882, providing, as to common carriers, the limitations of the first section of the original act as to the amount of damages recoverable, and that none other than those persons named by that section could bring suit, was left as originally drawn. * * *

" 'In conferring the right of action, and in providing such remedy, in designating when and by whom suits may be brought, it was, as a matter of course, competent for the Legislature to provide and impose such conditions as it might deem proper; and the conditions thus imposed modify and qualify the right of recovery, or form, rather, we

think, a part of the right itself, and upon which its exercise depends.' * * * In this case the complaint charges that Leyba was killed by the negligence of the employees of the defendant company, a common carrier, and this is not denied. If, therefore, a right of recovery existed at the time of the occurrence, it was clearly under section 3213, Comp. Laws 1897—the only section relating to such cases."

■ These statutes were adopted by the state of New Mexico from the statutes of the territory of New Mexico by article 22, § 4 et seq., N. Mex. Const., and the construction thereof by the territorial supreme court was also adopted with the statutes. Stevirmac O. & G. Co. v. Smith (D. C. Okl.) 259 F. 650, 654.

Counsel for appellants admit they have no right of action under section 1, but contend that the instant cases fall within the purview of sections 2 and 3 as amended.

The theory of counsel for appellants is that if appellants' intestates had left surviving kin within the relationships named in section 1, then the cases would have fallen within section 1; but, since they did not leave surviving kin within such relationships, the cases are not within section 1, and therefore they fall within the general terms of section 2. Under such a construction, if the person killed left a surviving wife or dependent minor child, the recovery would be under section 1 and would be limited to $5,000; but if the person killed was an adult single person, and he left a surviving father, the recovery would be under sections 2 and 3, and would be the actual and exemplary damages without limitation as to amount, and they would ordinarily greatly exceed $5,000. It is unreasonable to suppose that the legislature intended to place the parent of an adult child who has no legal claim on the earnings of such child in a more favored class than a wife who is legally entitled to support from her husband, or a minor child who is legally entitled to support from its father.

Since section 1 and sections 2 and 3 of the original act limited the right of recovery to the same classes of beneficiaries, wrongful deaths falling within section 1 were clearly excluded from sections 2 and 3 as effectually as though they had been carved out by express exception.

Under the original act, where the person killed came within the provisions of section 1 but left no beneficiaries within the designated relationships, the case did not fall within sections 2 and 3 because the beneficiaries

were the same under both section 1 and sections 2 and 3.

The amendment of 1891 did not change the language of section 2 which created a right of action for all wrongful deaths except the wrongful death of any person resulting from the "negligence, unskillfulness or criminal·intent" of an employee or agent of a common carrier in the operation of a conveyance of such carrier, or of any passenger resulting from a defect or insufficiency in the equipment of a common carrier. The change was in the language of section 3. Such section as amended reads: "Every such action as mentioned in the next preceding section shall be brought," etc. In section 2 "every such action mentioned" was the same both before and after the amendment, and it did not include deaths caused by acts or omissions of agents or employees of common carriers in the operation of conveyances of such carriers. With respect to the persons killed, section 2 remained the same. With respect to the beneficiaries and the persons who could bring the action, it was modified by the amendment to section 3. In other words, the amendment of 1891 did not broaden section 2 to include wrongful deaths which would not theretofore have fallen within it; but as to wrongful deaths which would have fallen within it as originally enacted, the amendment enlarged the classes of beneficiaries and provided that the action should be brought in the name of the personal representative.

Chapter 19, N. Mex. Laws 1931, amended section 1 of the original act by including in the designated beneficiaries, in cases where the person wrongfully killed is over 21 years of age and unmarried, "a dependent father or mother or dependent brother or sister." This indicates that the legislature was of the opinion that where the death of a person resulted from the negligence, unskillfulness or criminal intent of an employee or agent of a common carrier in the operation of a conveyance of such carrier, or where the death of any passenger resulted from defects in the equipment of a common carrier, such added beneficiaries could not sue therefor under sections 2 and 3 as amended in 1891.

Therefore we conclude, both because we think we are bound by the decision in Romero v. Railway Co., supra, and because we think it correctly construed the statute, that, since appellants' intestates were killed as a result of the negligence of an employee of appellees while in charge as the driver of their motor bus, a public conveyance, the cases do not fall within sections 2 and 3; and, since appellants' intestates were adults and neither left a surviving wife, child, or children, the cases do not fall within section 1 as it existed at the time of such deaths.

Affirmed.