## MYERS v. PACIFIC GREYHOUND LINES.
### No. 2643.

Circuit Court of Appeals, Tenth Circuit.

March 5, 1943.

458

John F. Simms, of Albuquerque, N. M. (Harris K. Lyle, of Gallup, N. M., and J. Ernest Corey, of Albuquerque, N. M., on the brief), for appellant.

E. R. Wright, of Santa Fe, N. M., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Section 24-104, New Mexico Statutes Annotated 1941, creates a civil liability for wrongful death proximately due to negligence in the operation of a stage coach or other public conveyance; and it authorizes a suit for recovery (1) by the husband or wife of the deceased, or (2) if there be no husband or wife, or if he or she fails to sue within six months after such death, by the minor child or children, or (3) if the deceased be a minor and unmarried, by the father and mother, or (4) if the deceased be more than twenty-one years of age and unmarried, by a dependent father or mother or dependent brother or sister, who may join in the action, each to have an equal interest in the judgment, and if either of them be dead, by the survivor.

Edna Mock Myers instituted this action against Pacific Greyhound Lines to recover under the statute for the death of her deceased brother, alleging that he was killed as the result of negligence in the operation of a passenger bus belonging to the defendant on a public highway in New Mexico, and that she was dependent on him. The defendant denied negligence, denied dependence and pleaded contributory negligence. At the conclusion of the evidence adduced by plaintiff, the court directed a verdict for the defendant on the ground that the evidence failed to show that plaintiff was a dependent of her brother; judgment was entered; and plaintiff appealed.

The action being in tort cognizable in the court below on the sole ground of diversity of citizenship, the local law of the state is controlling. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487.

But the supreme court of the state has never dealt with the question of the degree of dependence exacted by the statute in a case of this kind, that is to say, whether total dependence is required or partial suffices; and therefore we look elsewhere for helpful guidance. Section 1 of the Federal Employers' Liability Act, 35 Stat. 65, 45 U.S.C.A. § 51, provides that in case of the death of an employee the action may be maintained for the benefit of the surviving widow or husband and children; if none, of the parents; and, if none, of the next of kin dependent upon such employee. And it is generally held in actions instituted under the statute for the benefit of a surviving brother, sister, or other relative coming within the third and last class, that total dependence is not required; that instead, partial is sufficient. Richelieu v. Union Pacific Railroad Co., 97 Neb. 360, 149 N.W. 772; Bruckshaw v. Chicago, R. I. & P. Ry.

Co., 173 Iowa 207, 155 N.W. 273; Wells-Dickey Trust Co. v. Chicago, B. & Q. R. Co., 166 Minn. 79, 207 N.W. 186, reversed on other grounds, 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216, 59 A.L.R. 758; Atchison, T. & S. F. Ry. Co. v. Hopkins, 24 Ariz. 103, 207 P. 66; Soderstrom v. Missouri Pacific R. Co., Mo.App., 141 S.W.2d 73.

In Massachusetts, Georgia, and Washington, each having a death statute similar but not identical with that in New Mexico, it is well settled that partial or substantial dependence is enough. Hodnett v. Boston & Albany R. Co., 156 Mass. 86, 30 N.E. 224; Mulhall v. Fallon, 176 Mass. 266, 57 N.E. 386, 54 L.R.A. 934, 79 Am.St.Rep. 309; Welch v. New York, N. H. & H. R. Co., 176 Mass. 393, 57 N.E. 668; Boyle v. Columbian Fireproofing Co., 182 Mass. 93, 64 N.E. 726; Mehan v. Lowell Electric Light Corp., 192 Mass. 53, 78 N.E. 385; Bartley v. Boston & N. St. Ry. Co., 198 Mass. 163, 83 N.E. 1093; Clay v. Central Railroad & Banking Co., 84 Ga. 345, 10 S.E. 967; Daniels v. Savannah, F. & W. Ry. Co., 86 Ga. 236, 12 S.E. 365; Atlanta & C. Air-Line Ry. Co. v. Gravitt, 93 Ga. 369, 20 S.E. 550, 26 L.R.A. 553, 44 Am.St.Rep. 145; Central of Georgia Ry. Co. v. Henson, 121 Ga. 462, 49 S.E. 278; Reid v. Moyd, 186 Ga. 578, 198 S.E. 703; Mitchell v. Rice, 183 Wash. 402, 48 P.2d 949; Cook v. Rafferty, 200 Wash. 234, 93 P.2d 376; Joski v. Short, 1 Wash.2d 454, 96 P.2d 483. Under a like statute in Florida, it is held that one basing his right to recover upon the fact that he was a dependent of the deceased must show that, either from disability of age or nonage, or physical or mental incapacity, coupled with a lack of property means, he was in fact dependent on the deceased for support. Duval v. Hunt, 34 Fla. 85, 15 So. 876; Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158.

The fourth subdivision of section 12(j), chapter 83, Laws of New Mexico 1917, being the original Workmen's Compensation Act of the state, provides that a parent shall be deemed to be a dependent only if actually dependent, wholly or partially, on the deceased. In Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903, 905, the decedent was sixteen or seventeen years of age, unmarried, and without children. His father and mother made claim under the act. The father was physically able to earn a livelihood for himself and wife, but due to economic conditions had been unable to secure employment for about two months.

The son resided in the home with his parents and gave his checks to his mother, and she paid the household expenses with the proceeds. The court said: "Dependency does not necessarily depend upon whether or not the claimants could support themselves without the earnings of the deceased or whether they could have so reduced their living expenses that they could have been supported independent of such earnings. To the contrary, it depends upon whether or not the deceased had actually contributed to their support and whether or not they relied upon such earnings in whole or in part for their livelihood." That case has been cited and the above excerpt quoted in whole or in part with approval. Dimas v. Albuquerque & Cerrillos Coal Co., 35 N.M. 591, 3 P.2d 1068; Barney Cockburn & Sons v. Lane, 45 N.M. 542, 119 P.2d 104. See, also, Sallee v. Calhoun, 46 N.M. 468, 131 P.2d 276.

It is urged that these cases have no bearing for the reason that the Workmen's Compensation Act should be liberally construed, while the death statute under consideration must be strictly construed. The death statute is in derogation of the common law and "must be strictly construed, if its terms are of doubtful meaning." Romero v. Atchison, T. & S. F. Ry. Co., 11 N.M. 679, 72 P. 37, 38; Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942. But it is only in a case of doubtful meaning that the rule of strict construction should be applied. In Central of Georgia Ry. Co. v. Henson, supra, it was said that the death statute in Georgia should be strictly construed but that nevertheless partial dependence sufficed.

Section 24-104, supra, does not provide that in the absence of certain other named relatives, a sister may maintain the action provided she was totally, solely, or wholly dependent on the deceased. No such words of express limitation are to be found in it. It fails to define dependence. No line is drawn between total and partial dependence. It does not concern itself with degrees of dependence, expressly including some and excluding others. It is silent in respect to the matter. It merely provides in general language that in the absence of other specified kinspeople, a dependent sister may sue. Until the supreme court of the state indicates otherwise, we think that in a case of this kind partial, substantial dependence of a sister and substantial contributions to her support are enough.

Whether appellant was a dependent of her brother within the meaning of the statute was a question of fact, and the burden of proof rested on her. Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72; Gonzales v. Chino Copper Co., supra. The evidence submitted relating to the issue tended to establish these facts. The brother was twenty-two years of age and unmarried. The accident occurred in July, 1941. His mother was also killed in it. His father and one sister died sometime prior thereto. He left no brothers and no sister surviving him other than appellant. He was a master mechanic, and at the time of the accident was returning to his employment in California. He was the sole support of his mother, and in registering under the Selective Service Act, 50 U.S.C.A. Appendix § 301 et seq., he gave her as his dependent. He did not mention appellant. For about one and a half years prior to his death, he regularly sent appellant from $20 to $35 per month in cash; prior to that time he sent her money intermittently; he purchased clothes for her; and shortly before his death, he assured her that he would continue to support her. He declined to purchase additional insurance in favor of his mother, stating that he had been helping his sister and had all he could do to help her; and he assured the operator of a cafe that he would pay any account for meals which his sister and her husband might incur and fail to pay. Appellant and her husband resided in a two-room shack on an eighty-acre tract of land in western Oklahoma. They purchased the land under contract for $1,000, payable in annual installments. They defaulted in one or more installments, and due to their financial condition initiated a farmer-debtor proceeding under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. Their livestock consisted of a cow and a hog. They owned a tractor with which the farming was done. They defaulted in payments on a Chevrolet pick-up and turned it back to the dealer at about the time they proceeded under the Bankruptcy Act. The husband farmed on a share-crop basis some land belonging to his father; did some work on the farm of the mother of appellant; and worked part of the time as a mechanic at $2.00 per day. In 1940, his wheat averaged from five to six bushels per acre, and in 1941, two or three bushels. In the latter year it did not pay for the cutting. He was twenty-eight or twenty-nine years of age, six feet in height, and weighed two hundred pounds, or more. In registering under the Selective Service Act, he gave appellant as his dependent. Appellant holds a life certificate to teach in the public schools of Oklahoma. She began teaching in 1926, and with the exception of one year continued until the spring of 1940. Her salary ranged from $125 down to $50 per month, for eight months out of the year. But since the spring of 1940 she was unable to secure a school. The income of appellant and her husband from all sources in 1940 and 1941 averaged about $400 or $450 per year, some of which went for seed and crop insurance. They were not earning enough for their livelihood; she could not see how they could do so; and she relied on her brother for support. The evidence with the inferences fairly to be drawn from it was enough to take the case to the jury on the issue of dependence.

Of course, the husband of appellant was legally obligated to support her, and she was dependent on him for support. But the fact that she was dependent on him does not defeat her right to recover in this action if she was also dependent on her brother. Atlanta & C. Air-Line Ry. Co. v. Gravitt, supra; Welch v. New York, N. H. & H. R. Co., supra; Soderstrom v. Missouri Pacific R. Co., supra; Krauss v. George H. Fritz & Son, 87 N.J.L. 321, 93 A. 578.

The judgment is reversed and the cause remanded.

PHILLIPS, Circuit Judge (dissenting).

As stated in the majority opinion, the act here involved is in derogation of the common law and must be strictly construed. On the contrary, the Workmen's Compensation Act should be liberally construed in favor of the claimant. Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903, 905; Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342, 345. For this reason I do not think the decisions under the Workmen's Compensation Act are controlling. The evidence, in my opinion, does not show that Mrs. Myers was unable to obtain a school in 1940. She testified that the school she applied for was filled by a transfer. She did not testify that she made any real effort to obtain another school. Her husband was a farmer and mechanic. She was a trained and experienced school teacher with a life certificate in Oklahoma. That she and her husband were fully capable of

making a living without aid from her deceased brother seems obvious to me.

The decisions under the wrongful death cases in other jurisdictions have construed the word "dependent" as embracing the element of "necessitous want," an actual inability to support himself, an element which it seems to me is lacking in the instant case. Bortle v. Northern Pac. Ry. Co., 60 Wash. 552, 111 P. 788, 789, Ann.Cas.1912B, 731; Duval v. Hunt, 34 Fla. 85, 15 So. 876, 881; Southern Ry. Co. v. Vessell, 192 Ala. 440, 68 So. 336, 337, Ann.Cas.1917D, 892; Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158, 159; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 So. 246, 249.

For these reasons I respectfully dissent.