MATHEWS, Justice.
This is a death case arising under the wrongful death statute, F.S.A. § 768.01 et seq. The appellants admitted liability but denied that there could be any recovery on the part of W. R. Wilson, Jr., because he was not dependent upon the deceased and if he was dependent, then the amount of recovery was excessive.
The question of the dependency of W. R. Wilson, Jr., who was a one-armed man, was a jury question. It was properly submitted to the jury upon the evidence produced by the parties and under appropriate instructions. There was sufficient evidence to sustain the verdict of the jury and the trial Court in refusing to grant a new trial on the ground that there was no adequate evidence upon which they could base a verdict of dependency or that the verdict was excessive.
In cases of this kind there is no fixed and set formula by which the jury should be bound to a mathematical certainty.
The appellants claim that the Court committed error in permitting proof of funeral expenses because they were not specially pleaded. One of the appellees, W. R. Wilson, testified-that he had paid $860.50 for funeral expenses and offered to produce the receipts. The appellants objected to the introduction of such receipts. on the ground that they' were immaterial, and “it is an improper element of damages.” Appellants further stated as a part of their objection that there was no claim for funeral expenses and that “This is a dependency case”. Thereupon the attorney for. the appellees stated, “Wé ask the Court to amend the bill to include reasonable funeral expenses paid by these people as a part of this claim.” After argument, the Court stated, “I will permit them in.” This language of the Court is susceptible of only one interpretation and that is that the motion to amend the bill was granted and the receipts for funeral expenses would'be permitted in evidence.
This did not constitute reversible error. There was no surprise and it was within the discretion of the -trial Court to permit such amendment at any time before the case was finally submitted to the jury.
The appellants have failed to sustain the burden of showing any reversible error.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.