191 So.2d 307 (1966)
Vallie REEVES, a Single Woman, Appellant,
v.
NORTH BROWARD HOSPITAL DISTRICT, Appellee.
No. 253.
District Court of Appeal of Florida. Fourth District.
October 5, 1966.
Rehearing Denied November 17, 1966.
*308 A.C. Dressler and Emil Jaczynski, of Dudziak, Dressler, Jaczynski & Tartaglia, Miami, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
WADDELL, THOMAS R., Jr., Associate Judge.
This is an appeal by the plaintiff, Vallie Reeves, the alleged dependent mother of the deceased, Eddie Lee Davis, from a final judgment entered pursuant to a directed verdict at the close of plaintiff's case in favor of defendant, North Broward Hospital District.
Plaintiff brought this action for wrongful death to recover damages for the loss of support of her adult son whose death allegedly was caused by the negligence of defendant's employees in diagnosing and treating her deceased son. At about 6:30 P.M. on November 3, 1961, Eddie Lee Davis, unmarried adult son of plaintiff, was taken by a fellow employee, Walter J. Black, to Provident Hospital, operated and maintained by defendant. Eddie, who was suffering from head pains, had to be assisted by Black into the hospital. A nurse in the emergency room rolled Eddie in a wheelchair to a bed in the observation room.
Dr. Harold Davis, resident physician and an employee of defendant, examined Eddie and diagnosed his condition as hypertension. Dr. Davis did not take a written medical history but did run a urine test and took patient's blood pressure. Dr. Davis prescribed and gave Eddie sedatives. Plaintiff's witnesses described Eddie as being incoherent and speaking with difficulty. At 11:00 P.M. Dr. Davis was relieved by a Dr. Moorhead who did not see or treat Eddie but signed his discharge slip.
The hospital called a brother of Eddie about 4:30 A.M., November 4, 1961, and told him to pick up Eddie. The nurse on duty could not get Eddie to respond but did partially awaken him. The nurse dressed Eddie, and two of his brothers carried him to plaintiff's home. About 3:30 P.M. that afternoon Eddie Lee Davis died of a subdural hematoma while en route on a return trip to the hospital.
Appellee contends that the directed verdict should be upheld on two bases: (1) The plaintiff has no standing to bring this suit because she did not make a showing that she was dependent on her deceased son for support; and (2) That the plaintiff failed to prove malpractice upon the part of the defendant-hospital acting through its employees.
As to the first point testimony revealed that plaintiff, the sixty-one year old mother of the deceased, was unemployed but maintained a home for the deceased at least on a part-time basis and also maintained a home for two daughters and three *309 minor grandchildren. Plaintiff received money regularly from the deceased when he had work. She also received a monthly A.D.C. check of $56.00 for the care of the three grandchildren. Another son contributed money spasmodically if he had any left after caring for his family of six children. In addition to the above friends would sometimes give her foodstuff. At the time of her son's death and at the time the suit was filed, plaintiff was still married to the father of her children, but the father, her husband, died before trial. Her husband had deserted her approximately fourteen years previously and did not contribute anything to her support or the maintenance of her children during that period of time. This evidence is sufficient to create a question for the jury to determine whether plaintiff was dependent upon her deceased son for support. See F.S.A. § 768.02, and Floriland Farms, Inc. v. Peterman, Fla. 1961, 131 So.2d 477; Smollin v. Wilson, Fla. 1954, 74 So.2d 685; Benoit v. Miami Beach Electric Co., 1923, 85 Fla. 396, 96 So. 158; Duval v. Hunt, 1894, 34 Fla. 85, 15 So. 876.
As to the second point whether the hospital had a duty to admit the deceased and render medical attention became a question of fact in view of the testimony of Dr. Bassell Yates, a neurosurgeon unaffiliated with the hospital, who testified that the hospital records presented to him for review were inadequate and that there were sufficient symptoms evident to alert a medical practitioner that a serious problem existed. This evidence together with the circumstances of his leaving the hospital was sufficient for a jury to find that the hospital employees did not exercise such reasonable care toward the deceased as his known condition required.
The trial judge erroneously took the case from the jury. The judgment is reversed and the cause is therefore remanded for a new trial.
SMITH, C.J., and ANDREWS, J., concur.