# IRENE MYERS v. THOMAS KENNEDY, Appellant.

In Banc, December 30, 1924.

1. **CONSTITUTIONAL LAW: Classification of Motor Vehicles: Sections 4217 and 4218.** Section 4218, Revised Statutes 1919, when applied to injuries resulting in death from the negligent operation of an automobile, is, not unconstitutional, as an unreasonable classification of motor vehicles. Section 4218, enacted long before the Act of 1905, which first brought automobiles, used as public conveyances, into Section 4217, covered all cases of death from automobiles, and if that act thereby divided automobiles into two classes, putting public conveyances in one class and privately-operated machines in another, and for that reason was invalid, it was invalid at all times, and hence did not affect Section 4218.

2. **NEGLIGENCE: Allegation and Proof: Defendant's Knowledge of Peril.** Where the petition alleges that defendant drove his automobile into the narrow space between a street-car track and the automobile beside which deceased was standing, and that "at the time defendant saw, or by the exercise of ordinary care could have seen, that a street car was approaching him and his automobile on said track, and that at said time by reason of said position of his automobile there would likely be a collision between his autobile and the street car, and that at said time said defendant knew, or by the exercise of ordinary care on his part could have known, that in case of said collision said deceased was in great danger and imminent peril of being injured thereby," it was not essential that plaintiff prove that defendant drove "into the space between the street-car track and the automobile at which deceased was standing *after* defendant knew, or by the exercise of ordinary care might have known, he was driving his automobile into a place of danger, and that it would likely collide with an approaching street car, and that, as a result of the collision, the automobile would likely be shoved or knocked against deceased and injure him." Such an interpretation of the allegations is too narrow; it requires a strained construction of them; the words "at said time" do not necessarily relate, in each use of them, to the time the defendant began to drive past the rear of deceased's automobile.

3. ————: **Separate Wrongdoers: Concurrent Negligence: Settlement with Street Car Company: Suit against Automobile Owner.** Plaintiff's husband was standing beside an automobile parked near a curb, and as defendant drove his automobile into the narrow space

Myers v. Kennedy.

between the parked car and the street-car track a street car struck defendant's automobile and threw it against plaintiff's husband and inflicted injuries from which he died. She settled with the street car company for six thousand dollars, and sued defendant for ten thousand dollars, and recovered judgment for four thousand. There was evidence that defendant was solely responsible, and also evidence that both defendant and the street car company were guilty of negligence which contributed a substantial part of the causal negligence which resulted in the death of the husband, but there was no evidence that the defendant and the company were joint tortfeasors. *Held*, that, even if it be conceded that there was concurrent negligence and that for such negligence there can be but one satisfaction, plaintiff's settlement with the street car company for six thousand dollars did not affect the validity of her judgment against defendant for four thousand dollars.

4. ———: ———: ———: ———: **Remedies under Sections 4218 and 4217: Election.** Admitting that the negligence of the street car and the owner of an automobile contributed concurrently and substantially to the injury and that there is but one cause of action and can be but one satisfaction for concurrent negligence, the remedies provided by Sections 4218 and 4217 are not so inconsistent or incongruous that plaintiff is put to her election to proceed to judgment against the company or to proceed against such owner. The fact that the one section gives a remedy against a common carrier and the other section gives a remedy against the owner of a privately-owned automobile introduces no inconsistency greater than that which exists in any other case in which there exists a liability of two or more persons for concurrent negligence. Where the liability of tortfeasors springs from the same rule of the common law or the same statute, or different rules and statutes, all are liable, and what is done by one of them cannot affect the liability of the others unless what is done by him amounts to a satisfaction in fact or by legal implication.

5. ———: ———: ———: **Satisfaction: Settlement with Street Car Company: Covenant Not to Sue.** Satisfaction is full response to the requirements of the right, and where the concurrent negligence of a street car company and the owner of an automobile contributed substantially to cause the death of plaintiff's husband, a settlement with the street car company which was in effect a covenant not to sue the company and nothing more, there is no satisfaction of the claim against the owner of the automobile; and a settlement agreement which states it "shall not prejudice or affect plaintiff's right to institute and maintain a suit against the owner of the automobile and that such right shall remain as though

Myers v. Kennedy.

this agreement had not been entered into" is simply a covenant not to sue 'the company, and the settlement was not a satisfaction of her claim for damages against the automobile owner.

6. ——: ——: ——: ——: ——: Instruction: Measure of Damages. Plaintiff having settled with the street car company for six thousand dollars her claim for damages for the negligent killing of her husband, caused by the negligence of the company and defendant automobile owner, an instruction which tells the jury that what she is entitled to recover, if at all, is the excess, if any, of her pecuniary loss over six thousand dollars, but not exceeding, when added to the six thousand dollars, the sum of ten thousand dollars, is not erroneous; and in this case the instruction did not assume that the amount of damages the plaintiff had sustained was at least six thousand dollars.

Citations to Headnotes: 1, Constitutional Law, 12 C. J. par. 925 (1926 Anno), and Death, 17 C. J. par. 41; 2, Motor Vehicles, 28 Cyc. 47; 3, Negligence, 29 Cyc. 487; 4, Election of Remedies, 20 C. J. pars. 7, 12, Negligence, 29 Cyc. 487, and Remedy, 34 Cyc. 1201; 5, Release, 34 Cyc. 1090; 6, Trial, 38 Cyc. 1666.

Appeal· from Buchanan Circuit Court—*Hon. L. A. Vories*, Judge.

AFFIRMED.

*Oliver, Phillip & Voorhees* for appellant.

(1) The petition does not state a cause of action, because Secs. 4217 and 4218, R. S. 1919, so far as they apply to wrongful death resulting from the operation of an automobile, deny to the defendant the equal protection of the law guaranteed by Section one of the Fourteenth Amendment to the U. S. Constitution. Cases Collated in 14 Mallory's U. S. Comp. Stat. Anno. p. 822; Setters v. Hays, 72 N. E. 119; Borgnis v. Folk, 133 N. W. 209; Grier v. Railroad Co., 228 S. W. 454; Roberts v. Trunk, 179 Mo. App. 332. (2) The court erred in refusing the demurrer to the plaintiff's evidence. Plaintiff had one cause of action with two remedies, one against the street railway alone, the other against the defendant alone. She pursued her remedy against the street railway company, and settled

with it, and thereby precluded herself from pursuing this defendant.   Bronwell v. Railroad, 47 Mo. 243; Allis v. Hall, 76 Conn. 322; McLendon Bros. v. Finch, 98 S. E. 693; Johnson-Brinkman Com. Co. v. Ry. Co., 126 Mo. 349.

*Barney E. Reilly* and *W. B. Norris* for respondent.

(1) This covenant not to sue the street car company did not act as a release of her cause of action against either the street car company or Thomas Kennedy, and under the terms of the covenant the receiving of six thousand dollars was not a satisfaction or an accord and satisfaction of her cause of action. Grimm v. Globe Pr. Co., 232 S. W. 676; McDonald v. Goddard Grocery Co., 184 Mo. App. 432; Hawkins v. Mo. Pac. Ry. Co., 182 Mo. App. 323; Judd v. Walker, 158 Mo. App. 156; Pickett v. Wren, 187 Mo. App. 83; Ridenour v. International Harvester Co., 205 S. W. 881. (2) Although Section 4223 uses the words, joint tortfeasors or wrongdoers, it clearly contemplates that the same power to settle with one of several parties who may be severally liable for the commission of the tort would, by such settlement, not release the other party, for the reason the words, joint tortfeasors include tortfeasors who are either jointly or severally liable. Therefore, if the covenant not to sue entered into between the plaintiff and the street car company was, in law, a release of her cause of action against the street car company, yet under this section such release did not operate to discharge the defendant from his liability.   (3) The right of the party injured had he survived the injury is the test of the right of his widow to maintain an action under either Section 4217 or 4218. The fact that the measure of damages provided for in one section is different from that provided for in the other section does not determine the right of action under either section.  No new cause of action is created

by the sections, but the sections continue to transmit the right to sue which the party whose death is occasioned would have had had he lived. It is the participation in the wrongful act which establishes his liability, and not the measure or kind of damages. If the acts of negligence of one party concur with the acts of negligence of the other party in causing the death, each party is severally liable for the death, and a suit instituted against one does not relieve the other party of his liability, as he is severally responsible, and such action is not inconsistent with the claim of liability of the other. Proctor v. Ry. Co., 64 Mo. 112; Hawkins v. Smith, 242 Mo. 688; Harrell v. Ry. Co., 186 S. W. 677; Crumpley v. Ry. Co., 98 Mo. 34; Newcomb v. N. Y. C. Ry. Co., 169 Mo. 409; Fulwider v. Gas Co., 216 Mo. 582; State ex rel. Brewing Assn. v. Reynolds, 226 S. W. 579. (4) The plaintiff could have maintained separate actions and recovered separate judgments against both the street car company and against Kennedy, and might have elected to take the largest sum assessed or to proceed against the solvent defendant, or where no one of them is able and can be compelled to pay the whole of the judgment rendered, the plaintiff might accept part satisfaction from one and still look to the other for such balance as might be necessary to give her full legal compensation for the wrong suffered. Louisville & Evansville Mill Co. v. Barnes, 64 L. R. A. 574; Johnson v. Conrades, 232 S. W. 680. (5) The doctrine of election of remedies by which the pursuit of one remedy will exclude the pursuit of another applies only where one has remedies inconsistent with each other, and not where he may have the right to bring successive or concurrent suits of the same nature and brings one of them. The commencement of a suit under one and its dismissal before final judgment does not amount to such an election as would prevent him pursuing the other remedy. Steinbach v. Murphy, 143 Mo. App. 537; Johnson-Brinkman Comm. Co. v. Central Bank, 116 Mo. 558;

Johnson-Brinkman Comm. Co. v. Mo. Pac. Ry. Co., 126 Mo. 344; Reynolds v. Union Station Bank, 198 Mo. App. 323; 9 R. C. L. 957-958; 20 C. J. 6-11.

JAMES T. BLAIR, J.—This is an action for damages for the death of Virgil Myers, who died of injuries inflicted when appellant's automobile was struck by a street car and thrown against Myers so that his leg was crushed against the running board of another automobile beside which he was standing in a St. Joseph street. There was a verdict for $4000, and this appeal followed. The presence of a constitutional question gives this court jurisdiction. The evidence shows that Virgil Myers was standing with one foot on the ground and the other on the running board of his brother's automobile which was parked on the east side of Fifth Street in St. Joseph and was facing north. This vehicle was near the east curb and was so placed that its right front wheel was close to the curb and its right rear wheel was a foot or two farther out. The space between it and the car track was too narrow for the passage of another automobile if, at the time, a street car should happen to come upon the track at the point even with the parked car. Appellant had turned north into Fifth Street at Edmond, and had proceeded north to a point about even with or a couple of feet in advance of the machine beside which Myers was standing when the collision occurred. Appellant's automobile was struck by the street car on its left side and crowded over against the parked car, and Myers' leg was caught and crushed between the two automobiles. On several points the testimony is quite conflicting. There was testimony from which the jury could have found that appellant stopped his automobile behind and near that beside which Myers was standing, got out and examined his tires and then drove around the Myers car. There was testimony justifying a finding that appellant did not stop at all. The evidence would support a finding that as

306 Mo.—18

the street car came down Fifth Street it was moving five to eight miles per hour and had drawn near the Myers car when, too late to stop the street car, appellant drove out from behind the Myers car and attempted to pass between its front and the street car and was struck. There is much conflict concerning the distance between the approaching street car and the Myers automobile when appellant drove past the latter. Appellant testified, in substance, that he stopped behind and near the Myers automobile, got out and looked at his tires, and then backed up and drove around the rear of the Myers machine and up beside it, or a couple of feet farther, and at that point discovered automobiles parked ahead of the Myers machine on the same side of the street, so that he could not get by before the street car reached them; that he stopped; that the street car was then a short distance south of Felix Street, the next street on the north; this distance was over one hundred feet; that he saw the motorman was not looking toward him; that he, appellant, gave no warning or signal to Myers or any one; that he sat there and made no effort to move; that he thought, every minute, the motorman would see him; the motorman did not see him and the collision occurred. The motorman testified he saw appellant from the time he turned into Fifth Street. Some of his testimony and that of others tends to prove appellant suddenly drove into the space too late for the collision to be averted by stopping the street car. There was evidence that the motorman could or ought to have seen appellant's car and Myers in their dangerous positions in time to have stopped.

The petition alleges:

"Plaintiff further states that at said time the automobile driven by said Kennedy turned into Fifth Street and was traveling on the east side of said Fifth Street and approached the stationary automobile at and upon which said Virgil Myers was standing in said Fifth Street, and that the defendant Kennedy negligently drove his

automobile upon and on and near the said street-car tracks and into the space hereinbefore mentioned, and in such manner that he, the said Kennedy, placed himself and his automobile in a dangerous and perilous position of a collision between his automobile and said street car, and that at said time said Kennedy saw or by the exercise of ordinary care on his part could have seen that a street car was approaching him and his said automobile upon said street car tracks and that at said time by reason of the said position of said Kennedy and his automobile there would likely be a collision between his said automobile and said street car, and that at said time said Kennedy knew or by the exercise of ordinary care on his part could have known that in case of said collision said Virgil Myers was in great danger and imminent peril of being injured thereby.

"Plaintiff further states that the defendant Kennedy, in negligently driving his said automobile as aforesaid into the space aforesaid and while said street car was approaching said automobile, negligently stopped said automobile so near to the stationary automobile at which said Virgil Myers was standing and said street car tracks that by reason thereof and, because of the said position of said automobile in said space, said street car came violently in contact with said defendant's automobile, and that by reason thereof said street car collided with defendant's automobile and said defendant's automobile was thrown in and upon the said Virgil Myers, and that the defendant negligently failed to give to the said Virgil Myers any warning of his perilous position so brought about by the negligence of the defendant as aforesaid, and that by the exercise of ordinary care on the part of the defendant, defendant could have given such warning and thereby saved the life of the said Virgil Myers."

Respondent instituted an action against the street car company. This was subsequently dismissed pursuant to an agreement which, omitting formal parts, reads:

"That whereas there is now pending in the Circuit Court of Buchanan County, Missouri, the case of Irene Myers, Plaintiff, v. St. Joseph Railway, Light, Heat & Power Company and Thomas Kennedy, Defendants, in which said suit Irene Myers is seeking to obtain damages from both of the defendants by reason of their negligence for the death of her husband, Virgil Myers, which occurred on the 9th day of June, 1919. Now, therefore, it is hereby stipulated and agreed between the parties to this contract that for and in consideration of the sum of six thousand dollars to her paid, the receipt of which is hereby acknowledged, she, the said Irene Myers, agrees that so far as the St. Joseph Railway, Light, Heat & Power Company, one of the defendants in said cause, is concerned, she will not further prosecute said suit against the said St. Joseph Railway, Light, Heat & Power Company, and that said case now pending shall be dismissed as to the said St. Joseph Railway, Light, Heat & Power Company, and that she will not in the future institute any other proceeding against the St. Joseph Railway, Light, Heat & Power Company on account of the death of her said husband, and that she hereby covenants that she will not molest and harass in any way or in the future will she sue the said St. Joseph Railway, Light, Heat & Power Company for or on account of a cause of action for the death of her said husband, and that this covenant not to sue the St. Joseph Railway, Light, Heat & Power Company at any time in the future can be pleaded as a defense only by the said St. Joseph Railway, Light, Heat & Power Company to any proceedings that might be brought, instituted or taken by or in behalf of herself if any such suit should be instituted in the future, it being expressly understood and agreed between the parties hereto that she will not further prosecute her cause of action against the said St. Joseph Railway, Light, Heat & Power Company, but at the same time it is expressly agreed that this contract shall not prejudice or effect her right to institute and maintain a suit against

the said Thomas Kennedy for the death of her said hus-
band, and that her right to further prosecute said cause
of action against said Thomas Kennedy shall remain as
though this agreement had not been entered into, but she
covenants with the St. Joseph Railway, Light, Heat &
Power Company not to further prosecute any cause of
action she now has or may hereafter have against the St.
Joseph Railway Light, Heat & Power Company for the
death of her said husband.''

Thereafter this action was begun and prosecuted
with the result already indicated. Other details of the
facts may appear in another connection. An opinion in
this case was written in Division. Some time thereafter
the case went to Court in Banc. After re-argument the
divisional opinion was not adopted, and, subsequently,
the case was re-assigned.

Appellant insists: (1)  Sections 4217 and 4218, Re-
vised Statutes 1919, in so far as they purport to apply
to automobiles, are unconstitutional, in that they deny
appellant the equal protection of the law; (2) the court
should have instructed the jury to find for appellant,
because (a) respondent pursued one of two separate
remedies to a settlement, and (b) there was no sub-
stantial evidence tending to prove the negligence charged;
(3) there was error in giving respondent's instructions
one and five.

I.   Appellant's first contention is that Section 4218,
Revised Statutes 1919, under which this action was
brought, is unconstitutional as applied to death resulting
from the negligent operation of an automo-
bile.  It is argued that Section 4217 pur-
ports to apply to various vehicles and includes automo-
biles when used as public conveyances, and imposes a
penalty for death resulting from their negligent opera-
tion when so used; that Section 4218 applies to privately-
driven automobiles in like circumstances and provides
for the assessment of damages; that this constitutes a

*Classification.*

division of a class for purposes of legislation without any reasonable basis therefor; and that, therefore, Section 4218 is discriminatory and unconstitutional as applied to privately-driven automobiles. Section 4218 was on our statutes long before the passage of the Act of 1905 which first brought automobiles, used as public conveyances, into Section 4217. If it be true that the two sections improperly divide a class, this division was not made until the amendment of 1905 was enacted. Prior to that time Section 4218 covered all cases of death from the negligent operation of automobiles. If the general class was not constitutionally susceptible of ·division, as appellant argues, then this inclusion of all in Section 4218 was valid. The act which attempted the division was the Act of 1905. If to divide automobiles by putting those used as public conveyances in one class and those privately operated in another infringed constitutional provisions, the result would be that the Act of 1905 must fall because it attempts to establish an unwarranted classification. If the Act of 1905 is unconstitutional and invalid for that reason, then it is a nullity and equivalent to no act at all. If it is a nullity, it was so at all times and was never effective to divide the class, and the class was never divided. If the class was not divided, it is all still included under Section 4218, and it was under that section that this action was brought. The Act of 1905 is either valid or a nullity, and in either case appellant's argument on this point fails. It is not intended to be held that the point made is good against the Act of 1905. Public conveyances form a constitutional class for many legislative purposes  The present contention is answered before the last mentioned question is reached.

II.  It is argued that under the petition it was essential for respondent to prove that Kennedy, the appellant, drove "into the space between the street-car track and the automobile at which Virgil Myers was

standing *after* Kennedy knew or, by the exercise of
ordinary care he would have known, that he
Proof of
Knowledge.   was driving his automobile into a place of
danger and that it would likely collide with
an approaching street car and that, as a result of the
collision, the car would likely be shoved or knocked
against Myers and injure him," and that there was no
evidence tending to prove this.   (1)   The petition ought
not be given the meaning appellant gives it in his argu-
ment.   The language used in it certainly does not re-
quire such an interpretation.   In fact, a strained mean-
ing would have to be given the words in order to agree
with appellant's construction.   Appellant seems to
arrive at his conclusion by an interpretation of the
words "at said time" which, in each use of them, he
makes relate necessarily to the time when he began to
drive past the rear of Myers' automobile.   The petition
does not justify this.   The second paragraph quoted in
the statement makes it clear that, in any event, there is
a charge under the humanitarian doctrine.   The words
"at said time" in the first paragraph refer to the time
at which appellant "placed himself and his automobile
in a dangerous and perilous position of a collision" and
refer at least as well to the time when he placed it at
the point at which it was struck as to the time it passed
the rear of Myers's automobile.   The words are general.
There was no complaint of them before the trial.   (2)
The effect of the second branch of the argument under
this point depends upon the soundness of the contention
just considered and overruled.   The second falls with
the first.   In addition, it may be said, there is no con-
clusive showing that appellant, who was in a "left-hand
drive" automobile, could not, in the exercise of ordinary
care, have seen Myers before he committed himself to
his attempt to pass the Myers automobile.   The argu-
ment really deals with the weight of the evidence.   Even
on appellant's present theory of the petition it would
have been a question for the jury.   Nor, on his theory,

was it necessary for appellant to see *Myers* before he attempted to pass. If the situation he could see was such that one using due care ought to have anticipated injury by the course he was taking, then it was not necessary that he should be able to foresee a particular injury or injury to a particular person or thing. [Scherer v. Bryant, 273 Mo. l. c. 602; Albrecht v. Schultz Belting Co., 299 Mo. l. c. 21.]

III. In further support of his contention that a verdict for him should have been directed, appellant insists the acceptance of the sum respondent received from the street car company extinguished the cause of action. As we understand counsel to put it, the argument is that whether Virgil Myers' death was due to the sole negligence of the street-car company, or to the sole negligence of appellant, or to "the combined negligence of both, the respondent had but one cause of action," for which there could be but one satisfaction, which could not exceed $10,000; "if the death was caused by the sole negligence of the street car company," respondent had but one remedy—that under Section 4217; "if the death was caused by the sole negligence of" appellant, then she had but one remedy—that under Section 4218; "if the death was caused by the combined negligence of the street car company" and appellant, respondent still "had but one cause of action, but she had the choice of two remedies—she could sue the street car company alone for the penalty or she could sue Kennedy alone for any actual and punitive damages she could prove, . . . but she could not recover both a penalty of $10,000 under Section 4217 against the street-car company, and her actual damages (and perhaps a penalty) amounting to $10,000 against Kennedy under Section 4218;" that respondent was put to her election whether she would pursue her remedy under 4217 or that under 4218; that the street car company and appellant were

*Settlement with Joint Tortfeasor.*

not joint tortfeasors, but the record "presents a case where plaintiff having suffered one injury at the hands of two wrongdoers, not jointly liable, is entitled to recover either a penalty of not less than two nor more than $10,000 from one wrongdoer, who alone is liable for that penalty, or actual damages, not to exceed $10,000, from another wrongdoer, who alone is liable for those damages, on account of the wrongful death of her husband. As she has no right to recover both the $10,000 from the street-car company under Section 4217 and the $10,000 damages from Kennedy under Section 4218, it must follow that plaintiff, in such circumstances, is put to her election as to which remedy she will pursue. She did elect to sue the street-car company and to settle the penalty for $6000." Appellant presses the argument that, in any event, there was but one wrong done respondent— the killing of her husband; that the remedy against the street-car company was inconsistent with that against appellant; that respondent "could recover only from one or the other of the defendants." There was no evidence to prove appellant and the street-car company were joint tortfeasors. [Shearman & Redfield on Negligence (6 Ed.) sec. 122; 26 R. C. L. p. 763, sec. 13, et seq.] There was evidence appellant was solely responsible. There was evidence both appellant and the street-car company were guilty of negligence which constituted a substantial part of the causal negligence which resulted in the death of Myers. Concurrent negligence gives a cause of action against each participant. [Carr v. Auto Supply Co., 293 Mo. 569.] In such case, as in others, there can be but one satisfaction. There may be judgments obtained against all who are guilty, but one satisfaction completes the remedy. We do not understand appellant to argue that, in this case, the beginning of an action against either appellant or the street-car company constituted an election which barred action against the other; nor that a judgment, merely, against one of

the two would have had that effect. He does argue that the remedies given by Sections 4217 and 4218 are so inconsistent that recovery and satisfaction cannot be had under both. This is true—not because the remedies are unlike, but because one satisfaction is all the law allows for a wrong. The ordinary doctrine of election has little or nothing to do with this case. The remedies are not against the same defendant. Respondent had but one remedy against each. She obtained, on the covenant not to sue, nothing which came from appellant. No principle is cited which would have prevented respondent from proceeding to judgment against the street-car company under Section 4217 and against appellant under Section 4218. In that case the collection of one of the judgments would have barred the collection of the other. [Page v. Freeman, 19 Mo. 421; Dulaney v. Buffum, 173 Mo. l. c. 17; 2 Black on Judgments, sec. 782.] It is the satisfaction of the wrong which ends the case. The inconsistency between the remedy given by Section 4217 against the carrier and that given by Section 4218 against appellant has nothing to do with the matter. The remedies are not inconsistent in the sense that incongruous remedies against the same defendant may require an election. They are merely different methods the law has provided whereby, in circumstances like those in this case, if concurrent negligence is proved, a single wrong may be redressed by action against and satisfaction from either of the participants in the negligence. So far as this point is concerned, the fact that one section gives a remedy against one and another section gives a remedy against the other introduces no inconsistency greater than that which exists in any other case in which there exists a liability of two or more for concurrent negligence. Whether the liability of those guilty springs from the same rule of the common law or the same statute or from different rules or statutes, both or all are liable, and what is done by or against either cannot affect the

liability of the others unless what is done amounts to satisfaction in fact or by legal implication. "The remedy is the consummation or satisfaction of" the remedial or secondary right which arises when one violates a primary right of another. [Pomeroy on Code Remedies, sec. 348.] "Satisfaction" is full response to the requirements of this right. This whole contention finally gets down to the question whether the transasction which resulted in the covenant not to sue the street car company in consideration of $6000 paid by it to respondent amounted to satisfaction. The words "recovery" and "settled" as used through appellant's argument on the point contain an assumption that there was a settlement of the cause of action in that transaction. The written agreement between respondent and the street car company is, on its face, a covenant not to sue and is expressly confined to that company, and states, in terms, that it "shall not prejudice or affect her" (respondent's) "right to institute and maintain a suit against Thomas Kennedy" and that right "shall remain as though this agreement had not been entered into." As was said in Staehlin v. Hochdoerfer, 235 S. W. (Mo.) l. c. 1062, "a reading of the paper disposing of this suit makes it manifest that it is a covenant not to sue and nothing more." [Edens v. Fletcher, 79 Kan. 139, 19 L. R. A. (N. S.) 618, and note.] It is explicitly so. The decisions cited dealt with a situation which assumed the parties sued were joint tortfeasors. The general rule in such circumstances is in accord with that decision. [23 R. C. L. p. 405, sec. 35 et seq.] The same rule has been applied to cases in which concurrent negligence is shown. This is logical, since the principle in both instances is that but one satisfaction can be had for one injury. [Hubbard v. St. L. & M. R. Co., 173 Mo. 249; Gilbert v. Finch, 173 N. Y. 455.] In Lovejoy v. Murray, 3 Wall. 1, cited in Gunther v. Lee, 45 Md. 67, it was said: "When the plaintiff has accepted satisfaction in full for the injury done him, from whatever

source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages.'' This is slightly broader than the rule applied in the decision of this court last cited, and there is authority for the rule that payment must come from one who is liable. These differences it is not necessary to discuss in this connection. Access to the decisions is given by some of the previous citations and in State to use of Cox v. Maryland Elec. Ry. Co., 126 Md. 300, L. R. A. 1919A, 270, 273, and note. Since the same principle underlies the rule whether applied to joint tortfeasors or to those severally liable for concurrent negligence, there is no reason to say, in circumstances like those in this case, that an effect logically can be given a release or a covenant not to sue in one which is different from that given it in the other. In both the question is whether there has been a satisfaction, and, generally speaking, the same reasoning applies in both situations to the solution of that question. The rule depends upon the *fact* that both are liable for the same wrong, and is not changed because their respective liabilities are created by and must be enforced under different rules or sections. The argument that there was one cause of action against the street-car company under one section and another against appellant under another, and that a covenant not to sue one disposes of that liability and therefore of the cause of action, and therefore bars suit against the other, is based upon the fact that the *remedy* against the street car company was against it, alone, and the remedy against appellant was against him, alone. It is argued from this that since a covenant not to sue the street-car company might be set up in bar of an action against it, that was a bar of the action. That is no more true in this case than it is in any other in which two or more are liable for the same wrong, whatever may be the source of that liability.

With respect to the agreement made with one of those liable upon the liability of the others, the intent governs. That intent, in this case, as shown by the writing executed, was to covenant not to sue. That does not affect the liability of appellant in this case any more than a like covenant with a joint wrongdoer would affect the liability of those jointly liable with him. The testimony of respondent to the effect that she "settled" with the street car company must be taken together with her explanation of the sense in which she used the word, and in connection with the instrument used to consummate the agreement of which she was speaking. There certainly is no conclusive showing of a settlement of the sort appellant contends was made. The court did not err in refusing to direct a verdict.

IV.   1.   Instruction One is assailed on the grounds that (a) it submitted to the jury a fact admitted by the petition, and (b) it assumed that the acts of appellant, as set out in the instruction, were negligent.

Instructions.

(a)   It is argued that the petition "admitted" appellant stopped his automobile and that it was error to submit to the jury the question of fact whether it stopped. A reference to the part of the petition set out in the statement shows that in one of the charges of negligence it is alleged, as a part of respondent's case, that appellant stopped his automobile. On the trial, in his Instruction 2, appellant specifically called for a finding as to the fact of his stopping his automobile. Further, as respondent says, in substance, the gravamen of one charge of negligence, that in which the stopping is alleged, is the negligent failure of appellant to warn Myers after he had put him in a position of danger. The stopping of the automobile, if it occurred, was one of the conditions surrounding the parties under the charge just mentioned. The previous paragraph did not rest upon a stopping of the automobile. Further, the general language of the

instruction was supplemented by an instruction given for appellant which, as a matter of law, directed the jury to find that appellant's automobile had stopped and was standing still when it was struck by the street car.

(b)   The second point made is answered by the instruction, which qualifies the clause attacked by the words "if you so find from the evidence that he was negligent."

2.   Instruction 5 reads:

"The court instructs the jury that if you find for the plaintiff under the instructions and evidence in this case you shall assess her damages, if any, at such a sum as you may believe from the evidence will reasonably compensate her for the death of her husband with reference to the necessary pecuniary injury to her resulting therefrom, if any, as shown by the evidence, not exceeding the total sum of ten thousand dollars, and you are further instructed that as the plaintiff has received the sum of six thousand dollars on account of the death of her said husband from the St. Joseph Railway, Light, Heat & Power Company, she is only entitled to recover from the defendant in this case whatever difference or balance there may be, if any, between the said six thousand dollars and ten thousand dollars, as you may find from the evidence that she is entitled to recover for the death of her husband with reference to the necessity pecuniary injury to her resulting therefrom, if any, as shown by the evidence, so that whatever amount you may find, if any, added to the sum of six thousand dollars shall not exceed in all the total sum of ten thousand dollars."

It is urged "this instruction assumed that the amount of damages the plaintiff had sustained was at least $6000." Counsel interprets the instruction as telling the jury that respondent "was entitled to recover from appellant whatever difference or balance there might be, if any, between $6000 and $10,000," and says it is, therefore, misleading. The theory of recovery respondent had in mind was that she was entitled to recover, if at

all, the excess, if any, of her pecuniary loss over $6000 but not exceeding, when added to the $6000, the sum of $10,000. The instruction required the jury, first, to assess respondent's whole pecuniary loss, not to exceed $10,000; second, the instruction requires the deduction, from the total assessment of the whole loss, of the $6000 she had already received; third, the final recovery is limited again so that whatever amount is allowed, if any, shall not, when added to the $6000, exceed the sum of $10,000. While the instruction might have been made more clear, yet it was not erroneously misleading.

This disposes of the questions raised. The judgment is affirmed. All concur, except *Walker, J.,* absent.