## No. 13,150.

FRIEDRICHS *v.* DENVER TRAMWAY CORPORATION ET AL.

(27 P. [2d] 497)

Decided November 20, 1933.

Mr. OTTO FRIEDRICHS, for plaintiff in error.

Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, Mr. GERALD HUGHES, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case is here for review of a judgment of dismissal in the district court.

On July 26, 1930, the husband of Mrs. Friedrichs, the plaintiff in error, was killed in a collision between his automobile and a street car belonging to the defendant in error Denver Tramway Corporation and operated by Eaton, the other defendant in error. Mrs. Friedrichs, as plaintiff, brought the action against the company and Eaton, as defendants, to recover damages for the death, which the amended complaint charged to the negligent manner in which the company maintained its tracks and to the negligent manner in which it operated its car, the plaintiff specifying among other things a failure to sound a warning signal, and also excessive speed. The plaintiff was introducing her evidence in chief, when on motion of the company the lower court required her to elect whether she would proceed under C. L. '21, section 6302 (conceded to be penal) or under C. L. '21, section 6303 (conceded to be compensatory). She elected to stand on section 6303. On motion of counsel for the defendants the case was then dismissed as to each defendant.

The only point necessary to discuss is the one presented by defendants' contention that, in view of the election mentioned, the company is not liable, the reason assigned being that section 6303 does not apply to common carriers, while it is admitted that section 6302 does. The argument, though plausible, is unsound. It is largely based upon a dictum in *Atchison, T. & S. F. R. R. Co. v. Farrow,* 6 Colo. 498, 506, where the question was in no way involved. An examination of the two provisions, and of the authorities cited, leads us to the conclusion that a common carrier may properly be sued under either section. If this were not so, certain forms of negligence on the part of a common carrier, which are clearly not within the narrower limits of section 6302, could cause death without entailing any liability whatever, though any other kind of corporation would under the same conditions be held responsible by virtue of section 6303. We do not think that the legislature intended such a result.

The record discloses no other serious contention in favor of the motion to dismiss the case. The judgment of the district court is therefore reversed, with directions to reinstate the case as to both defendants.

Judgment reversed with directions.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.