Virginia L. TILLY, Administratrix of the Estate of A. L. Tilly, Deceased, Appellant,

v.

Joe FLIPPIN and Ferguson Steere Motor Company, a corporation, Appellees.

Mary Ellen CARPENTER, Administratrix of the Estate of Arthur D. Carpenter, Jr., Deceased; Mary Ellen Carpenter, Administratrix of the Estate of James Arthur Carpenter, Deceased, Appellants,

v.

Joe FLIPPIN and Ferguson Steere Motor Company, a corporation, Appellees.

Nos. 5301, 5302.

United States Court of Appeals
Tenth Circuit.

Sept. 12, 1956.

Caswell S. Neal, Carlsbad, N. M. (Stagner & Sage and Neal, Neumann & Neal, Carlsbad, N. M., were with him on the brief), for appellants.

Roy F. Miller, Jr., Albuquerque, N. M. (Merritt W. Oldaker, Albuquerque, N. M., was with him on the brief), for appellees.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

On August 21, 1954, the defendant Joe Flippin, in the course of his employment with the defendant Ferguson Steere Motor Company, a corporation, was operating a motor vehicle which collided with an automobile, resulting in the death of A. L. Tilly, Arthur D. Carpenter, Jr., and James Arthur Carpenter. Virginia L. Tilly, widow of A. L. Tilly, and Mary Ellen Carpenter, widow of Arthur D. Carpenter, Jr. and mother of James Arthur Carpenter, as administratrices, brought separate actions against Ferguson Steere Motor Company and Joe Flippin to recover damages under the general wrongful death statutes of New Mexico, § 22-20-1 and § 22-20-3, N.M.Stat.1943. After an investigation the plaintiffs determined that Flippin was operating the motor vehicle as a public conveyance for Ferguson Steere Motor Company, a common carrier, and conceded that as to it a cause of action was limited to the remedy provided for in the common carrier death statute, § 22-20-4, N.M.Stat.1953. The plaintiffs dismissed the actions as to Ferguson Steere Motor Company and the court sustained Flippin's motions to dismiss, leaving for disposition defendants' counterclaims. The widows then instituted actions to recover $10,000 for each death under the provisions of the common carrier death statute. All the cases, including counterclaims of the defendants, were consolidated for trial and a jury returned a verdict in favor of the plaintiffs in all cases. Judgment for $10,000 was entered for plaintiffs in each of the three cases brought under § 22-20-4. No appeal was taken from these judgments.

In dismissing the actions against the defendant Flippin, the trial court was of the opinion that no cause of action exists in New Mexico against an employee-driver of a common carrier in a case of this nature. The sole question presented is whether the remedy provided for in § 22-20-4 is exclusive or if in addition a cause of action exists against a negligent employee-driver under the general death statute.

The applicable New Mexico statutes were enacted in 1882 as part of a general Act on damages. They read as follows:

§ 22-20-1, N.M.Stat.1953:

"Death by wrongful act or neglect—Liability in damages.—Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

§ 22-20-3:

"Personal representative to bring action—Damages—Distribution of proceeds of judgment.—Every such action as mentioned in section 1821 [22-20-1] shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, fa-

ther, mother, brother, sister, or child or children of the deceased child, but shall be distributed as follows:

"First. If there be a surviving husband or wife, and no child, then to such husband or wife; if there be a surviving husband or wife and a child or children or grandchildren, then equally to each, the grandchild or grandchildren taking by right of representation; if there be no husband or wife, but a child or children, or grandchild or grandchildren, then to such child or children and grandchild or grandchildren by right of representation; if such deceased be a minor, childless and unmarried, then to the father and mother, who shall have an equal interest in the judgment, or if either of them be dead, then to the survivor; if there be no father, mother, husband, wife, child, or grandchild, then to a surviving brother or sister, or brothers or sisters, if there be any; if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."

§ 22–20–4:

"Death caused by railroad, stage coach or public conveyance—Action for damages—Defense.—Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver of any state [stage] coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual or individuals, in whose em-

ploy any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach, or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of ten thousand dollars ($10,000), which may be sued and recovered; first, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six (6) months after such death then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother; * * *."

The plaintiffs contend that § 22–20–1 creates a cause of action in all cases where death is caused by the wrongful act, neglect or default of another where the injured person would have had a cause of action had he survived, and that the driver of a common carrier public conveyance is not excluded from this section. It is said that the forfeiture provision of § 22–20–4 creates a cause of action for the benefit of different persons and for different plaintiffs; that the remedy is for different acts, omissions, or misconduct and for the recovery of different damages, both in amount and nature. The argument is plausible but we think the implications of the decisions by the New Mexico courts, and by this court, lead to the conclusion that the remedy provided for in § 22–20–4 is an exception to the general death statute and is exclusive when death is caused under facts bringing the case within that section. Apparently the New Mexico bench and bar have construed the section as the trial court did. The section has been on the New Mexico statute books for approximately seventy-five years, and so far as we know, no one has sought to recover from a negligent employee in addition to recovery

from the common carrier. This is also true in Missouri and Colorado, from which the New Mexico statutes were taken, although the courts of each of those states, contrary to the New Mexico rule, have held that the remedy is not limited to the common carrier statute but the plaintiff may elect to proceed under either statute, but may not proceed under both sections. Jackson v. St. Louis-San Francisco Ry. Co., 357 Mo. 998, 211 S.W.2d 931; Friedrichs v. Denver Tramway Corporation, 93 Colo. 539, 27 P.2d 497.

The statute was first considered by the territorial Supreme Court of New Mexico in Romero v. Atchison, T. & S. F. Ry. Co., 11 N.M. 679, 72 P. 37, where the administrator brought suit to recover damages from a railroad company for the wrongful death of a person accidentally killed in the railroad yards. In holding that recovery was limited to the forfeiture section (now § 22–20–4), it was stated that at common law no action would lie for an injury caused by the death of a human being. It was said that "If a right of action now exists, therefore, it must be by virtue of legislative enactment." Referring to Missouri cases which had considered the statute of that state, the court stated that damages for a tort to a person resulting in death were not recoverable at common law; that where a statute gave a right of action and provided a remedy it could be maintained, subject only to the limitations and conditions imposed by the statute; that where a statute gives a cause of action which did not exist at common law and designated the persons who may sue, they alone may bring the action.[1] The court concluded as follows:

"In this case the complaint charges that Leyba was killed by the negligence of the employés of the defendant company, a common carrier, and this is not denied. If, therefore, a right of recovery existed at the time of the occurrence, it was clearly under section 3213, Comp. Laws 1897—the only section relating to such cases. Counsel for appellant, in his ingenious brief, and also in his oral argument, insisted that in such case a suit might be maintained under section 3213 by one of the persons authorized by that section, and a second suit be maintained at the same time for the same cause of action by the representatives of the deceased, under sections 3214 and 3215, but it appears to us that the mind of the learned counsel is more prolific of remedies than the statute; but, however that may be, the contention is repugnant to what we conceive to be the plain meaning of the statute, as it is incomprehensible that the Legislature should intend to provide a double remedy in damages for one and the same injury, and between practically the same parties. If, then, the remedy in this case existed under the terms of section 3213, the suit could not be brought by the administrator or other representative of the deceased, but must be brought by one of those persons specifically authorized to sue. There was an absolute want of authority in the plaintiff to sue in a representative capacity, as that section excludes representatives by omitting them and specifically designating others."

In Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942, 944, the court said:

"Considered in the light of our holding in the Romero Case that the statute gives no cause of action in favor of the personal representative of the injured party, it seems decisive. The first syllabus in that case dealing with this statute reads: 'Where a statute gives the cause of action, and designates the persons who may sue, they alone are authorized to bring suit.'

1. Barker v. Hannibal & St. Joseph R. Co., 91 Mo. 86, 14 S.W. 280; Oates v. Union P. Ry. Co., 104 Mo. 514, 16 S.W. 487.

"We epitomize our holding as applied to the point under consideration by paraphrasing same to read: 'Where a statute gives the cause of action, and designates the persons who may be sued, they alone are authorized to be sued.' * * * "

The statute was again considered in White v. Montoya, 46 N.M. 241, 126 P.2d 471, 473, where it was held that the forfeiture statute applied only to cases where the injury was caused by the acts of common carrier employees and sustained a dismissal of a complaint where the operator was an individual owner. Referring to Sanchez v. Contract Trucking Co., 45 N.M. 506, 117 P.2d 815, the court said:

"The question in the Sanchez case was whether Sec. 36–101 applied to automobiles used for transportation purposes by a common carrier, something that did not exist at the time the statute was enacted. We held that it did so apply, and that suit was not properly brought under Sec. 36–101 by the administratrix of the deceased's estate. The question here was not before the court, but Higgins v. St. Louis & S. R. Co., supra [197 Mo. 300, 95 S.W. 863, 865], was quoted from with approval, as follows: ' "To our mind the purpose of this statute was to allow damages for the negligent acts of the servants managing, running, and controlling public conveyances." ' * * * "

In Mallory v. Pioneer Southwestern Stages, 10 Cir., 54 F.2d 559, 561, this court observed that Section 1 (now § 22–20–4), was a special statute and that Section 2 (now § 22–20–1), was a general Act covering all other cases of wrongful death. It was then said:

"Where there are two statutes upon the same subject and the earlier is special and the later general, the presumption is, in the absence of express repeal or absolute incompatibility, that the special is intended to remain in force as an exception to the general. Washington v. Miller, 235 U.S. 422, 428, 35 S.Ct. 119, 59 L.Ed. 295; Rodgers v. United States, 185 U.S. 83, 87, 89, 22 S.Ct. 582, 46 L.Ed. 816; Stoneberg v. Morgan, 8 Cir., 246 F. 98, 100.

"A *fortiori* such must be the construction where the special and the general laws are a part of the same act.

"It is clear that the legislature did not intend to create two rights and provide two remedies for the same wrongful death. The statute, as originally adopted, limited the right created by section 1 and the right created in section 2 to the same surviving kin. It follows that wrongful deaths falling within the provisions of section 1 were excluded from the general language of section 2.

"Section 2, therefore, did not cover persons killed as a result of the improper operation of a locomotive, car, stage coach or other public conveyance, or passengers killed as a result of defects in any railroad locomotive, car, stage coach or other public conveyance."

We said in DeSoto Motor Corporation v. Stewart, 10 Cir., 62 F.2d 914, 915, that "Ever since the enactment of the original statute in 1882 (Laws N.M.1882, c. 61), distinctions have been made in the statute between deaths occasioned by the negligence of common carriers, and deaths occasioned by the negligence of others. One of the distinctions is as to the amount of recovery." See also Caine v. Bowlby, 10 Cir., 114 F.2d 519, certiorari denied 311 U.S. 710, 61 S. Ct. 319, 85 L.Ed. 462; Whitmer v. El Paso & S. W. Co., 5 Cir., 201 F. 193.

While none of these cases directly involve the right to sue a negligent driver of a common carrier vehicle, it is manifest in each that when death is caused under a factual situation which brings the case within the special provisions of § 22–20–4, the remedy provided therein is exclusive. As said in the Romero case [11 N.M. 679, 72 P. 37, 39], if "a right of recovery existed at the time

of the occurrence, it was clearly under section 3213 [§ 22–20–4], * * * the only section relating to such cases." To construe the statute otherwise would permit a double recovery for the same death and might well under the doctrine of respondeat superior require a driver-employee to pay twice. Furthermore, it would appear that the common usage and practice under the statutes for a period of almost seventy-five years has been that recovery thereunder is limited to that provided for in § 22–20–4. While such usage and practice is not exclusive, it is highly persuasive, and should be disregarded only for most cogent reasons. 82 C.J.S., Statutes, § 359; 50 Am. Jur., Statutes, § 319; Jackson v. St. Louis-San Francisco Ry. Co., supra.[2] State ex rel. Poindexter v. Reeves, 230 Ind. 645, 104 N.E.2d 735; Sanchez v. Contract Trucking Co., supra; White v. Montoya, supra; DeSoto Motor Co. v. Stewart, supra.

Affirmed.

MURRAH, Circuit Judge (dissenting).

I cannot believe that the New Mexico Legislature intended to confine the liability for wrongful death caused by the negligence of a common carrier's employee exclusively to the carrier, and to exempt the employee, who is primarily liable, from any damages whatsoever.

It may be conceded that New Mexico did not intend to create two rights and provide two remedies for the same wrong; or for that matter, a choice of two remedies for one wrong, as do Missouri and Colorado. But there is certainly nothing in the text of the special statute to indicate that the right of action granted against the carrier for the negligence of the employee shall be exclusive of any right of action against the employee under the general wrongful death statute. As the majority points out, while the two causes of action spring from the same operative facts, they are different in character, brought by different parties, against different parties, and the remedies provided are entirely different.

Construing the New Mexico Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., we have said that the remedies provided therein for personal injuries to employees were exclusive of any other statutory or common law remedies. But, the holding is based upon the explicit language of the Act providing that the right to compensation is in lieu of any other liability to all persons whomsoever. See Hill Lines, Inc. v. Pittsburgh Plate Glass Co., 10 Cir., 222 F.2d 854. Other workmen's compensation statutes have been so construed. See Underwood v. United States, 10 Cir., 207 F.2d 862. But, in each of them, the exclusionary language is too plain for doubt. Here, we hold that a limited right of action granted against an employer for the negligence of his employee precludes a right of action against an employee without any expressed language indicating any such intent. I do not believe that the New Mexico court would so hold, and I would therefore reverse.

2. In Jackson v. St. Louis-San Francisco Ry. Co., the court, in reviewing the cases, pointed out that there had been but one injury, one subject matter of complaint, and only one death. In holding that there could be but one recovery, it was said [211 S.W.2d 931, 937]:

"The implication, therefore, from all the cases is that there can be but a single recovery of damages under but one section of the wrongful death statute, even though the cases do not in point of fact directly concern the question of the recoverable damages. In addition to the implications of the cases there is one other circumstance and cogent reason compelling the conclusion. And that is the fact that this statute has been in effect, with both the penal and compensatory sections, since 1855 and this is the first and only time anyone ever thought that both damages could be recovered in one action for the same death. It was unsuccessfully attempted in the Brownell case [Brownell v. Pacific R. Co., 47 Mo. 239] but so far as we can discover this is the first time it has even been attempted since that case and that is more than seventy-five years." See also Jordan v. St. Louis Transit Co., 202 Mo. 418, 101 S.W. 11.