543 P.2d 484

**Juliamarie LANGHAM, Executrix of the Last Will and Testament of Wright H. Langham, Deceased, Appellees,**

**v.**

**BEECH AIRCRAFT CORPORATION, a Delaware Corporation, Appellants.**

**No. 10586.**

Supreme Court of New Mexico.

Nov. 18, 1975.

Rehearing Denied Dec. 10, 1975.

Rodey, Dickason, Sloan, Akin & Robb, Bruce D. Hall, Albuquerque, for appellant Beech Aircraft.

Willard F. Kitts, Albuquerque, for appellees Frye.

Jones, Gallegos, Snead & Wertheim, Jerry Wertheim, Steven L. Tucker, Santa Fe, for appellees.

## OPINION

OMAN, Justice.

This cause has been certified to this court by the United States Court of Appeals for the Tenth Circuit, pursuant to § 16–2–7, N.M.S.A.1953 (Interim Supp., pt. 1, 1975), which provides in pertinent part:

"The Supreme Court may answer by written opinion questions certified to it by the Supreme Court of the United States, any circuit court of appeals of the United States, the court of appeals of the District of Columbia, any district court of the United States or the district court of the District of Columbia if:

"A. the questions involve propositions of New Mexico law which are determi-

native of the cause before the federal court; and

"B. there are no controlling precedents in decisions of the New Mexico Supreme Court or the New Mexico court of appeals."

It is recited in the order of certification that there are no controlling precedents in the decisions of this court or the New Mexico Court of Appeals upon the following proposition of New Mexico law:

"Can the manufacturer of a 'public conveyance' be held liable for damages where the passengers died as a result of defects in the conveyance; and does the remedy provided in N.M.Stat.Ann. § 22–20–4 [§ 22–20–4, N.M.S.A.1953 (Supp. 1973)][1] against the 'owner' of a defective public conveyance provide the only remedy?"

We agree that there are no controlling decisional precedents by the New Mexico courts upon this question. However, as will hereinafter be discussed, there is language in the decisions of this court and of the Court of Appeals for the Tenth Circuit which suggests that the remedy provided in § 22–20–4, supra, against "the owner of a defective conveyance" is the exclusive remedy, and that the "manufacturer of the defective public conveyance" is not subject to liability for a wrongful death caused or contributed to by the defective manufacture of the vehicle. Very briefly, the facts giving rise to the certification to this court by the Court of Appeals are:

(1) Suits seeking damages for the alleged wrongful death of seven passengers in an airplane were filed in the United States District Court for the District of New Mexico. One of these suits was against Beech Aircraft Corporation (Beech) alone, since these plaintiffs had settled with Ross Aviation, Inc. (Ross), owner and operator of the aircraft. The other suit was against both Ross and

---

1. This section includes some legislative changes adopted in 1973 not applicable at the time of the accident out of which this cause arose, but these changes are of no significance to our resolution of the proposition of law under consideration.

Beech. Since then, the plaintiff in this suit has now settled with Ross.

(2) Beech was the manufacturer of the airplane and Ross was the owner and operator thereof at the time of its crash on takeoff from the Albuquerque International Airport.

(3) The Court of Appeals has already concluded that the airplane was a "public conveyance" and the decedents were "passengers" therein at the time of the crash which resulted in their deaths. *Langham v. Beech Aircraft Corporation*, No. 74–1650 (10th Cir., Aug. 7, 1975). Thus, suits could properly have been brought against Ross pursuant to § 22–20–4, supra, which provides in pertinent part:

"Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst *running, conducting or managing* any locomotive, car, or train of cars, or of any driver of any stage coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof, or in any locomotive or car, or in any stage coach or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach or other public conveyance, at the time any injury is received resulting from or occasioned by any defect, insufficiency, negligence, unskillfulness or criminal intent above declared, shall be liable in damages * * *."

(4) Plaintiffs seek recovery against Beech as the manufacturer of the airplane upon the theories of (1) negligence in design, manufacture, assembly, inspection, and instructions for use; (2) breach of warranty; and (3) strict liability in tort.

Although it is suggested that plaintiffs rely upon a right to bring suit for recovery from Beech under § 22–20–4, supra, their real and clearly stated contention is that they are entitled to sue and recover from Beech under § 22–20–1, N.M.S.A.1953 (Vol. 5, 1954) which provides:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

The first question presented by the certification is whether Beech may be sued under the provisions of § 22–20–4, supra. We answer this question in the negative. The relevant language of that statute, as shown above, is:

"*[T]he corporation, individual or individuals, in whose employ* any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, *or who owns* any such railroad, locomotive, car, stage coach or other public conveyance, at the time any injury is received resulting from or occasioned by any defect, insufficiency, negligence, unskillfulness or criminal intent above declared, *shall be liable in damages * * *.*" (emphasis added).

Although the language of this statute was slightly different at the time of our opinion in *Ickes v. Brimhall*, 42 N.M. 412, 79 P.2d 942 (1938), these differences are of no significance insofar as a resolution of the question now under consideration is concerned. Also, the question there presented was whether the cause of action survived the wrongdoer, who was the owner and operator of the public conveyance.

However, the answer to this question and to the question we are now considering depends entirely upon who may be sued under § 22–20–4, supra. In the Ickes case, in paraphrasing language of the Missouri Supreme Court in *Bates v. Sylvester,* 205 Mo. 493, 104 S.W. 73 (1907), we held:

"The first syllabus in that case [*Bates v. Sylvester*] dealing with this statute reads:

" 'Where a statute gives the cause of action, and designates the persons who may sue, they alone are authorized to bring suit.'

"We epitomize our holding as applied to the point under consideration by paraphrasing same to read:

" 'Where a statute gives the cause of action and designates *the persons who may be sued,* they alone are authorized to be sued.' " (emphasis added).

The following language from our opinion, in *In re Reilly's Estate,* 63 N.M. 352, 357, 319 P.2d 1069, 1072 (1957), confirms this position:

"Since from the express language of § 22–20–4, supra, an action thereunder is limited to recovery only from the employer common carrier, * * * no recovery thereunder may be had against the pilot who may be in charge of the airplane 'public conveyance', as driver."

■ Clearly the language of § 22–20–4, supra, limits those from whom recovery may be had thereunder to the "employer" of the person whose negligence, unskillfulness or criminal intent in running, conducting, managing or driving the public conveyance caused or occasioned death or to the "owner" of the public conveyance. Beech was neither such "employer" nor "owner."

Although the issue in *Tilly v. Flippin,* 237 F.2d 364 (10th Cir. 1956), as in *In re Reilly's Estate,* supra, was broader than the one we are now considering, in that in those cases the issue also embraced the question of whether or not the "employee-driver" of the vehicle or public conveyance could be sued under § 22–20–1, supra, nev-

ertheless, the result reached in the *Flippin* case is consistent with our present holding that Beech cannot be sued under § 22–20–4, supra, since it was not an "employer" or "owner" within the contemplation of those terms as used in that statute.

■ We now consider whether Beech can be sued under § 22–20–1, supra. It contends that since § 22–20–4, supra, gives plaintiffs a cause of action against Ross as the "employer" and "owner" of a "public conveyance," this is plaintiffs' exclusive remedy and they may not recover against Beech under § 22–20–1, supra. We disagree.

As above stated, there is language in some of the opinions of the Court of Appeals for the Tenth Circuit and this court which supports Beech's position.

In *Tilly v. Flippin,* supra, it was stated:

"[W]e think the implications of the decisions by the New Mexico courts, and by this court, lead to the conclusion *that the remedy provided for in § 22–20–4* is an exception to the general death statute [§ 22–20–1, supra] and *is exclusive when death is caused* under facts bringing the case within that section." (emphasis added).

This language was quoted with approval by this court in *In re Reilly's Estate,* supra. There is also language found in other cases which support this position. See, e. g., *Schloss v. Matteucci,* 260 F.2d 16 (10th Cir. 1958); *Mallory v. Pioneer Southwestern Stages,* 54 F.2d 559 (10th Cir. 1931); *Ickes v. Brimhall,* supra. However, the question now presented was not involved in any of those cases.

The decisions in *Tilly v. Flippin,* supra, and *In re Reilly's Estate,* supra, clearly held that recovery against the "employee-driver" of a "public conveyance" may not be had under either § 22–20–1, supra, or § 22–20–4, supra. The rationale for this holding, as announced by the court of appeals in the *Tilly v. Flippin* case and quoted with approval by us in the case of *In re Reilly's Estate,* was:

"To construe the statute otherwise would permit a double recovery for the same

death and might well under the doctrine of respondeat superior require a driver-employee to pay twice."

This same rationale was repeated in the *Tilly v. Flippin* opinion by quoting as follows from *Romero v. Railroad*, 11 N.M. 679, 72 P. 37 (1903):

"[I]t is incomprehensible that the Legislature should intend to provide a double remedy in damages for one and the same injury, and between practically the same parties."

We need not, and do not, depart from these decisions, that recovery may not be had under either section of our wrongful death statutes against the "employee-driver" of a "public conveyance," in holding that plaintiffs have the right to sue Beech under § 22–20–1, supra, since this rationale is not applicable to it. If Beech and Ross both are to be held responsible to plaintiffs for the wrongful death of the passengers in the airplane, it will be because they are joint tortfeasors. As such, they are not "practically the same parties" and recovery against both under our Joint Tortfeasors Act [§§ 24–1–11 to –18, N.M.S.A.1953 (Vol. 5, 1954)] will not require either to pay twice or result in double recovery to plaintiffs. Section 24–1–14, supra; *Garrison v. Navajo Freight Lines, Inc.*, 74 N.M. 238, 392 P.2d 580 (1964).

Although the precise question now before us was not involved in *White v. Montoya*, 46 N.M. 241, 126 P.2d 471 (1942), it was held in that case that a suit could be brought against the "owner-driver" of a "public conveyance" under § 22–20–1, supra, predicated upon his alleged negligence. This decision is consistent with the decision in *Tilly v. Flippin,* supra, and *In re Reilly's Estate,* supra, in that the "driver" in the *White* case was the "employer" and not a "driver-employee." It is also consistent with the position we now take, and contrary to the position Beech takes, in that the tortfeasor was held to be responsible for his negligence under § 22–20–1, supra, even though a "public conveyance" was involved. It is true that in the *White* case, the decedent was not a passenger in

the public conveyance, but the holding therein is inconsistent with the following language from *Mallory v. Pioneer Southwestern Stages*, supra, which is quoted and relied upon by Beech: "[Section 22–20–1] did not cover persons killed as a result of the *improper operation* of a locomotive, car, stage coach or other public conveyance * * *." (emphasis added).

We fail to understand why a joint tortfeasor, such as Beech is alleged to be, should be exempt from liability under § 22–20–1, supra, simply because Ross, the owner, was liable under § 22–20–4, supra. Such a holding would be contrary to the purposes for creating liability for wrongful death as provided in our wrongful death statutes. In some cases falling under § 22–20–4, supra, it would completely defeat the right to recover compensatory and exemplary damages from the only one whose culpable conduct caused the death. In others, it would defeat the right to recover against a joint tortfeasor whose culpable conduct contributed to the death. These results would defeat rather than accomplish the following long and often announced purpose of our wrongful death statutes:

"The statutes allowing damages for wrongful act or neglect causing death have for their purpose more than compensation. It is intended by them, also, to promote safety of life and limb, by making negligence that causes death costly to the wrongdoer."

*Whitmer v. El Paso & S. W. Co.*, 201 F. 193, 198 (5th Cir. 1912); *Stang v. Hertz Corporation*, 81 N.M. 348, 350–51, 467 P.2d 14, 16 (1970); *Tauch v. Ferguson-Steere Motor Company*, 62 N.M. 429, 435, 312 P. 2d 83, 87 (1957); *Trujillo v. Prince*, 42 N.M. 337, 345–46, 78 P.2d 145, 150 (1938).

Our wrongful death statutes were taken from Missouri and this court has often followed the views of the Missouri Supreme Court in its interpretations of these statutes. See, e.g., *Sanchez v. Contract Trucking Co.*, 45 N.M. 506, 117 P.2d 815 (1941); *Hogsett v. Hanna*, 41 N.M. 22, 63 P.2d 540 (1936); *Romero v. Railroad*, supra.

Although the factual situations and the questions presented in the hereinafter cited Missouri cases were not precisely the same as the facts or the question we are now considering, the view we adopt is in accord with the views of the Missouri court as stated in *Meyer v. Pevely Dairy Co.*, 333 Mo. 1109, 64 S.W.2d 696 (1933); *Myers v. Kennedy*, 306 Mo. 268, 267 S.W. 810 (1924), and *Culbertson v. Metropolitan St. Ry. Co.*, 140 Mo. 35, 36 S.W. 834 (1896).

In responding directly to the question concerning New Mexico law which was certified to us by the United States Court of Appeals for the Tenth Circuit, we answer:

The manufacturer of a "public conveyance" can be held liable for damages where the passengers died as a result of defects in the conveyance, and the remedy provided by § 22–20–4, supra, against the "owner" of a defective "public conveyance" does not provide the only remedy.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and SOSA, JJ., concur.